RICHARD B. HISE, Plaintiff-Appellant, *v.* A. LEWIS HULL *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0726

Opinion filed July 26, 1983.

Stone and Stone Law Offices, of Sullivan (Paul L. Stone, of counsel), for appellant.

No appearance for appellees.

JUSTICE MILLS delivered the opinion of the court:

Attorney fees.

Under section 2—611 of the Code of Civil Procedure.

The trial judge dismissed Hise's complaint for failure to state a

cause of action. Hise filed an amended complaint. Again, the trial judge dismissed the amended complaint, but reserved for future hearing the defendants' motion for section 2—611 attorney fees. Hise appealed to this court.

We must dismiss his appeal.

The pertinent facts follow:

Richard Hise's wife, Patricia, filed for a legal separation. She retained the law firm of Hull, Campbell, Robinson & Gibson (the law firm) to represent her. After a hearing, the trial judge entered a judgment of legal separation and a decree of partition, ordering certain real property owned by Patricia to be sold and the proceeds used to pay marital debts.

The property was sold. The proceeds—$8,245.87—were placed in the law firm's trust account. Patricia then terminated the law firm's services. The firm acknowledged the termination and informed Patricia that she owed them $1,219.70 in legal fees. Patricia failed to pay the fees and the firm mailed Richard Hise's attorney a check for $7,026.17—the amount representing the difference between the monies held in the trust account and the fees Patricia owed the firm. Richard Hise's attorney never cashed the check.

Five months later, the trial court entered a modified judgment *incorrectly* stating that Patricia's land "has been sold and the net proceeds of said sale, after the payment of expenses thereof, in the amount of $8,245.87 are presently being held in the trust account of Attorney Michael I. Campbell by agreement of the parties, and for the use and benefit of the parties, subject to the order of the Court as to the use and distribution of said proceeds."

Next, Hise filed a complaint against the law firm. He alleged that the firm had breached its fiduciary duty to him by retaining the $1,219.70 in legal fees. Arguing that a fiduciary relationship never existed between Hise and the law firm for Patricia, the firm moved to dismiss his complaint. Judge Hendrian allowed the firm's motion and granted Hise leave to file an amended complaint.

Hise then filed an amended complaint which—for all practical purposes—simply restated the allegations in his original complaint. The law firm moved to dismiss the amended complaint and also asked the court to assess section 2—611 attorney fees and expenses (Ill. Rev. Stat. 1981, ch. 110, par. 2—611, formerly Ill. Rev. Stat. 1979, ch. 110, par. 41) against Hise because the amended complaint contained false statements. Finding that Hise's amended complaint failed to state a cause of action, Judge Hendrian dismissed the amended complaint *but* reserved for future hearing the law firm's motion for section 2—611

attorney fees. (Judge Hendrian did not find in the order that there was no just reason for delaying enforcement or appeal of the order.)

■ We must dismiss this appeal because Judge Hendrian's order was not a final judgment as to *all* of the claims in the action—he reserved ruling on the law firm's claim for section 2—611 attorney fees. Without a Supreme Court Rule 304(a) finding—that there is no just reason for delaying enforcement or appeal—a judgment that does not dispose of all the claims in an action is not an appealable order.

## SUPREME COURT RULE 304(a)

Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) states:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

The Supreme Court of Illinois (in dealing with section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 50(2)), predecessor to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a))), stated in *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 206, 148 N.E.2d 787, 791:

> "The language of section 50(2), as well as the comments of the committee which drafted it, indicate that a flexible and reasonable meaning was intended for the 'claims' to which the section refers. The section itself speaks in terms of a final judgment or decree that adjudicates less than 'all the claims *or* rights and liabilities;' (emphasis supplied,) and upon two occasions the advisory committee comments that its provisions are to take effect when there is a final judgment adjudicating fewer than 'all the matters involved.' (Smith-Hurd Anno. Stat., Perm. Ed. chap. 110, sec. 50(2), Joint Committee Comments.)"

## SECTION 2—611 ATTORNEY FEES

Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611, formerly Ill. Rev. Stat. 1979, ch. 110, par. 41) provides:

> "Allegations and denials, made without reasonable cause and

found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

The law firm's demand for section 2—611 attorney fees is a "claim" as that term is used in Rule 304(a). The attorney fees claim meets all of the criteria for a Rule 304(a) claim outlined by the court in *Ariola*: It is a matter involved in the action, it is a possible right of the law firm, and it is a possible liability for Hise. Consequently, when the trial court reserved its ruling on the section 2—611 claim without making a Rule 304(a) finding, the order disposing of the initial claim was not appealable because it did not dispose of all the claims in the action.

*Ergo,* we must dismiss the appeal.

■ Our holding here does not necessarily mean that every section 2—611 claim will prevent the judgment disposing of the initial claim from being appealable without a Rule 304(a) finding by the trial court. A section 2—611 claim may be brought as a separate action anytime within 30 days after the judgment disposing of the initial claim. The trial court's failure to rule on a section 2—611 claim brought after disposition of the initial claim will not prevent the order disposing of the initial claim from being appealable without a Rule 304(a) finding. Where, however, the section 2—611 claim is brought as a part of the responsive pleading—for example in a motion to dismiss or in a motion for summary judgment or in an answer—it becomes part of the same action and must be disposed of by the judgment, or a Rule 304(a) finding must be entered before the trial court's order is appealable.

In the case at bench, if the law firm had filed its claim for section 2—611 fees after the trial court had dismissed Hise's amended complaint, the fact that the claim was unresolved would not have prevented the trial court's order dismissing the amended complaint from being an appealable order without a Rule 304(a) finding. Instead, the law firm, by asserting the section 2—611 claim in its motion to dismiss, chose to bring the claim as part of Hise's action and therefore a Rule 304(a) ruling was necessary.

■ This situation is analogous to that which occurs when a trial court's order leaves unresolved a defendant's counterclaim. When a defendant has a claim against a plaintiff, he may bring it either as a counterclaim in the plaintiff's action or he may bring it as a separate action. If he brings a separate action, the resolution or lack of resolu-

tion of his claim has no effect on the appealability of the order disposing of the plaintiff's original claim. If, however, the defendant chooses to raise his claim as a counterclaim, it must be resolved by the trial court or a Rule 304(a) finding must be entered before the order disposing of the plaintiff's claim is appealable. See *Chicago Miniature Lamp Works, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 397 N.E.2d 138; *Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527.

■ One final note. Our holding today is limited to the effect of an unresolved *section 2—611* claim for attorney fees on the appealability of an order disposing of all other claims in the case. The issue of whether *other types* of claims for attorney fees must be resolved before an order is appealable is not before us, and we have expressly avoided that issue herein.

Appeal dismissed.

WEBBER, P.J., and GREEN, J., concur.