THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. KING, Defendant-Appellant (Kelly D. Long, Respondent-Appellant).

Fourth District   No. 4—87—0748

Opinion filed June 2, 1988.

410

Kelly D. Long, *pro se*, of Hillsboro, for appellants.

Hugh Finson, State's Attorney, of Monticello (Patricia P. Tinch, Assistant State's Attorney, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On March 28, 1986, defendant Robert D. King was charged by uniform traffic citation and complaint with driving while under the influence of alcohol and drugs (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(2), (a)(3)). Defendant agreed to submit to a blood-alcohol test, which disclosed an alcohol concentration of 0.25. Thereafter, the arresting officer completed a sworn report, certifying that the defendant was asked to submit to a chemical test to determine the alcohol content of his blood and was warned of the consequences pursuant to section 11—501.1(c) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c)). The report further stated that the defendant submitted to testing which disclosed an alcohol concentra-

tion of 0.25, that the defendant's driver's license would be suspended for a period of three months, and that the officer served notice of statutory suspension upon the defendant. (See Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1(d), (f).) As reasonable grounds to believe the defendant was in violation of section 11—501 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), the officer listed the following: "[M]arijuana and alcohol found in [defendant's] vehicle. [Defendant] smelled of [an] alcoholic beverage and staggered when walking. [Vehicle] parked behind burglarized business, then drove around to front and parked again."

On May 19, 1986, defendant filed a *pro se* petition to rescind the statutory summary suspension. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) A hearing on defendant's petition was held on June 23, 1986, and defendant was represented by attorneys L. Keith Hays, Jr., and Joe Hedge. The first witness to testify at the hearing was the defendant. The defendant stated that at the time he was arrested on March 28, 1986, he was located near a phone booth and was "bumming around, looking for change and trying to find the number [he] was going to call, a guy [there] in town."

The other witness to testify was the arresting officer, Frank Pirtle. Pirtle, a patrolman for the City of Monticello, testified that on March 28, 1986, he received information from a Piatt County deputy that a white van with a left turn signal on was parked on the northwest side of the bowling alley. Pirtle stated that he proceeded to that area, observed the van and then proceeded around the motel located directly north of the bowling alley and approached the van from behind. According to Pirtle, as he approached the van from the rear, the driver of the van started the engine, drove out onto a public roadway, then turned left and proceeded into the motel parking lot. Pirtle then proceeded to the location of the van. As he did so, the van began to pull out of the motel parking lot. Pirtle stopped the van at that point. Pirtle identified the driver of the van as the defendant.

Pirtle further testified that after the van was stopped, the defendant exited the vehicle and had a conversation with him. Pirtle noticed a "strong odor of alcoholic beverage" on the defendant's breath, and that defendant's speech was "thick tongued." Pirtle described the defendant's balance as "very unstable" and indicated that the defendant staggered against the van upon exiting it, swayed back and forth while the two were talking and nearly fell down several times. In Pirtle's opinion, the defendant was "extremely intoxicated" at the time. Pirtle testified that he did not administer field sobriety tests at the scene because the defendant "was having a very hard time standing up just speaking with him and [Pirtle] was fearful that if [he] did run

[the defendant] through the balance tests [the defendant] would fall down on the concrete pavement and injure himself." Instead, Pirtle placed the defendant under arrest and then took him to the Piatt County jail, where a blood-alcohol test was administered.

At the conclusion of the hearing, the trial court discussed the evidence that had been presented, found that the defendant had not met his burden of proof on the petition, and denied rescission.

On August 14, 1986, defendant filed a petition for restoration of his driver's license and privileges. The administrative petition for restoration was allowed on August 21, 1986. Shortly thereafter, defense counsel Hays assumed representation of Officer Pirtle on an unrelated matter. On November 12, 1986, Kelly D. Long entered his appearance as attorney for the defendant. Then on November 13, 1986, attorneys Hedge and Hays formally withdrew as attorneys of record for the defendant.

On July 1, 1987, Long filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), seeking rescission of the defendant's statutory summary suspension. The petition alleged that the trial court was without jurisdiction to allow a statutory summary suspension of the defendant's driver's license as the defendant had not been observed on a public highway and was on a private parking area at the time he was arrested for driving under the influence of alcohol. The petition further alleged that defendant's previous counsel had a conflict of interest involving his representation of the defendant and was negligent in his representation. Finally, the petition alleged that the allowance of the statutory summary suspension was improper, contrary to Illinois law and violative of defendant's constitutional rights. A hearing on the petition was held on August 13, 1987. Long argued the allegations in the petition but presented no evidence. Following the hearing, defendant's petition was denied.

On August 19, 1987, the State filed a petition to assess attorney's fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The petition alleged that in filing the petition to rescind under section 2—1401, defense counsel Long failed to order a transcript of the June 23, 1986, rescission hearing to determine what evidence was presented on the issue of whether defendant had operated a motor vehicle on a public highway. The State argued that had Long reviewed the transcript he would have read the undisputed testimony of the arresting officer that the defendant was observed driving on a public highway. The petition next alleged that Long failed to contact former defense counsel con-

cerning the merits of the first petition to rescind or any possible conflict of interest. The State argued that had Long consulted the former attorney he would have learned that as of June 23, 1986, former counsel had not met, seen or represented the arresting officer. The petition further alleged that no evidence was presented to support the allegations in defendant's petition under section 2—1401. The State sought $231.25 in attorney fees, arguing that had Long made a reasonable inquiry into the facts of the case, the petition would not have been filed and the State's Attorney would not have been forced to spend unnecessary time in defending the action.

A hearing was held on the State's petition to assess attorney fees on September 29, 1987. On October 5, 1987, the court entered its written order imposing sanctions pursuant to section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The court found, among other things, that Long failed to make any reasonable investigation or inquiry into any of the factual allegations contained in the petition, prior to preparing, filing, or arguing the petition. The court further found that Long acted unreasonably and without any foundation in making the factual allegations contained in the petition. In addition, the court stated that Long violated section 2—611 in that he knew or should have known that the petition was not well grounded in fact, was not warranted by existing law and was frivolous. For these reasons, the court assessed Long $150 pursuant to section 2—611 as the sanction for filing the petition.

On October 20, 1987, the defendant and Long, as a respondent in sanctions (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), filed a joint notice of appeal. Defendant appeals from the order denying his petition under section 2—1401 to rescind the statutory summary suspension. Long appeals from the order imposing sanctions for filing and arguing the petition.

We first consider the respondent's appeal. Respondent Long contends that the trial court erred in applying section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) and awarding attorney fees in this case. It is the respondent's position that there was no justification for the imposition of such sanctions as the petition he filed was not unfounded and was supported by law. The State contends that the trial court correctly imposed sanctions upon the respondent for his failure to investigate the facts of the case prior to the filing of the section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) petition.

■ Section 2—611, as amended effective November 25, 1986, requires that an attorney sign pleadings and other papers filed with the

court. The attorney's signature constitutes a certificate by him that he has read the document, has made a reasonable inquiry into its basis and believes that it is well grounded in fact, warranted by existing law and is being made in good faith. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *Marx v. State of Illinois* (1988), 165 Ill. App. 3d 332, 519 N.E.2d 82.) Pleadings and other papers filed in violation of section 2—611 shall subject the party, the party's attorney, or both to an appropriate sanction which may include an order to pay the other party's attorney fees and costs. *Prevendar v. Thonn* (1988), 166 Ill. App. 3d 30, 518 N.E.2d 1374.

We point out that prior to its recent amendment, section 2—611 (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) subjected the *party* to sanctions for pleading *allegations and denials, made without reasonable cause and found to be untrue.* Unlike its immediate predecessor, amended section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) subjects the party, the party's attorney, or both to sanctions for a violation of that section. Further, this new proviso is intended to prevent counsel from making assertions of fact or law without support (see *In re Mitan* (1987), 119 Ill. 2d 229, 518 N.E.2d 1000; *Marathon Finance Co. v. Pioneer Bank & Trust Co.* (1988), 168 Ill. App. 3d 148), and has been interpreted as imposing an obligation on the attorney "not to file frivolous pleadings" (see *Prevendar*, 166 Ill. App. 3d 30, 518 N.E.2d 1374).

A lower court's decision assessing attorney fees is entitled to great weight and should not be disturbed unless there has been an abuse of discretion. (*Prevendar*, 166 Ill. App. 3d 30, 518 N.E.2d 1374.) In imposing sanctions and assessing fees against the respondent in the instant action, the trial court found:

> "That the [respondent] failed to make any reasonable investigation or inquiry into any of the factual allegations contained in said Petition prior to the preparation and filing thereof and prior to the hearing thereon as aforesaid.
>
> That the [respondent] acted unreasonably, and without any foundation in making the factual allegations contained in said Petition, and that the [respondent] violated Section 2—611 of the Rules of the Supreme Court in that he knew or should have known that his petition was not well grounded in fact [or] was [not] warranted by existing law.
>
> That the State's Attorney was required to devote his time in successfully defending against said Petition, and that the personnel of this Court were required to devote time to the processing, handling and disposition of said Petition, which had

no reasonable basis in fact.

That said Petition was frivolous."

Based upon its findings, the trial court "assessed the sum of $150.00 pursuant to Section 2—611, Chapter 110, Illinois Revised Statutes, as the sanction for filing and causing to be heard the pleading entitled, 'Petition', the allegations of which he had not investigated and in which there was no reasonable basis." We have reviewed the instant record and cannot say the trial court abused its discretion in assessing attorney fees.

The record before us discloses that on May 9, 1986, the defendant filed a petition to rescind the statutory summary suspension. A hearing on the petition to rescind was held on June 23, 1986. One of defendant's attorneys at that time, L. Keith Hays, appeared at this hearing and presented evidence, including the testimony of the defendant and the arresting officer. At the conclusion of the hearing, the trial court discussed the evidence that had been presented, found that the defendant had not met his burden of proof on the petition and denied rescission.

After August 23, 1986, defense counsel Hays assumed representation of the arresting officer on an unrelated matter. The unrelated matter did not occur until June 26, 1986, three days after hearing on defendant's petition to rescind statutory summary suspension. Thereafter, attorneys Hays and Hedge formally withdrew as attorneys of record for the defendant and the respondent entered his appearance as defense counsel.

Then on July 1, 1987, nearly 14 months after the filing of the first petition to rescind, respondent filed a petition pursuant to section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) seeking rescission of defendant's statutory summary suspension. The petition contained unsupported allegations that the trial court was without jurisdiction to allow the statutory summary suspension as the defendant had not been observed on a public highway at the time of his arrest, that previous defense counsel had a conflict of interest involving his representation of the defendant, and that the statutory summary suspension was contrary to law and violative of defendant's constitutional rights. Thereafter, a hearing was held on the section 2—1401 petition. Respondent presented no evidence at this hearing but merely argued the allegations in the petition. At the conclusion of the hearing the petition was denied.

The State then filed a petition to assess attorney fees pursuant to section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). At the hearing on this matter, the State presented the testimony of the arresting

officer concerning the circumstances of defendant's arrest and the date that attorney Hays began representing him. The State next called Hays, who testified concerning his initial representation of the defendant and his subsequent representation of the arresting officer. Hays also testified that the respondent never contacted him about his representation of either party or any possible conflict of interest. Further, the State called the court reporter from the hearing on the defendant's first petition to rescind. She testified that respondent had not requested a copy of the transcripts from the first hearing until the day before the hearing on the State's petition to assess attorney fees.

The foregoing supports the trial court's findings that the respondent failed to make a reasonable inquiry into the factual background of the case and that the allegations in the petition were not well grounded in fact or warranted by existing law. Accordingly, the trial court did not abuse its discretion in imposing sanctions upon the respondent pursuant to section 2—611.

■ We now turn to the defendant's appeal. Defendant appeals from the trial court's order entered August 13, 1987. Defendant's notice of appeal, however, was not filed until October 20, 1987. Consequently, defendant's notice of appeal was untimely and we are without jurisdiction to consider the merits of the defendant's appeal.

Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)), provides:

> "Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the *** motion."

The rule is mandatory in its language and terms and it has been consistently held that the timely filing of the notice of appeal is "mandatory and jurisdictional." (See *Schneider v. Vine Street Clinic* (1979), 77 Ill. App. 3d 946, 947, 397 N.E.2d 194, 195 (and cases cited therein); *Meyer v. Blue Cab Co.* (1984), 129 Ill. App. 3d 440, 472 N.E.2d 874.) Reviewing courts must decline to proceed in a case over which it has no jurisdiction. (*In re Kerwood* (1976), 44 Ill. App. 3d 1040, 359 N.E.2d 183.) Here, the final judgment was entered on August 13, 1987, and since no post-trial motion was filed, the notice of appeal filed by the defendant on October 20, 1987, was untimely. Accordingly, we have no jurisdiction to consider the defendant's appeal and the appeal is dismissed.

In so holding, we note that a petition, such as the State's, to as-

sess attorney fees under section 2—611 is a "claim" as that term is used in Supreme Court Rule 304(a). (107 Ill. 2d R. 304(a).) We have held that where a section 2—611 claim is brought as a part of a responsive pleading, it becomes part of the same action and must be disposed of by the judgment, or a Rule 304(a) finding must be entered before the trial court's order is appealable. (See *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372.) Here, however, the section 2—611 claim was brought as a separate action, docketed case No. 86TR419JH, within 30 days after the judgment disposing of the initial claim (docketed case No. 86TR419). In *Hise* we held that the absence of a ruling on a section 2—611 claim brought after the disposition of the initial claim "will not prevent the order disposing of the initial claim from being appealable without a Rule 304(a) finding." (*Hise*, 116 Ill. App. 3d at 684, 452 N.E.2d at 375.) Consequently, the fact that the State's claim in the case at bar was unresolved at the time the defendant's notice of appeal should have been filed would not have prevented the trial court's August 13, 1987, order from being an appealable order without a Rule 304(a) finding.

For all of the foregoing reasons, the trial court's order of September 29, 1987, in case No. 86TR419JH is affirmed and defendant's appeal from the trial court's August 13, 1987, order in case No. 86TR419 is dismissed.

Affirmed in part; dismissed in part.

McCULLOUGH and KNECHT, JJ. concur.