JOSEPH A. WAITCUS *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF GILBERTS *et al.*, Defendants-Appellants.

Second District  No. 2—88—1230

Opinion filed June 30, 1989.

Ronald O. Roeser, of Roeser, Vucha & Carbary, of Elgin, for appellants.

Clarence F. Wittenstrom, Jr., and Eric M. Johnson, both of Gromer, Wittenstrom & Meyer, P.C., of Elgin, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, the Village of Gilberts, its president and acting trustees, appeal from an order granting plaintiffs', certain property owners in the Gilberts Industrial District, motion for summary judgment as to count I of their complaint. On appeal, defendants contend that the complaint failed to state a cause of action, that the Village board acted properly, and that the trial court erred in granting plaintiffs'

motion for summary judgment.

In September 1986 the Village of Gilberts passed an ordinance proposing the creation of a special service area for an old industrial park where plaintiffs owned several lots. Pursuant to the procedures of "An Act to provide the manner of levying or imposing taxes for the provision of special services to areas ***" (Special Service Areas Act) (Ill. Rev. Stat. 1985, ch. 120, par. 1301 *et seq.*), a public meeting was held on October 15, 1986, for the purpose of hearing comments and objections to the establishment of this special service area. The October 15, 1986, hearing was adjourned to October 22, 1986, pursuant to statutory authority. (Ill. Rev. Stat. 1985, ch. 120, par. 1306.) On October 22, 1986, the hearing was again adjourned, this time to November 4, 1986 (the next scheduled meeting of the Village board).

On November 4, 1986, plaintiffs attended the board meeting and requested that their properties be deleted from the special service area. The board considered petitions and heard oral arguments in support of the petitions. The board consisted of a president and six trustees. However, the president and one trustee were absent at this meeting. As shown by the minutes of this meeting, the first motion was addressed to lot numbers 1, 2 and 3. After considering the petitions, the board voted five to zero to exclude the parcels from the special service area. A second motion for deletion of lots 15, 16, 17, 18, 19 and 20 received three affirmative and two negative votes. The meeting was then adjourned.

On November 18, 1986, the next regular meeting of the Village board, the board unanimously approved the minutes of the November 4, 1986, meeting. Later in the meeting of November 18, 1986, the Village president gave his veto of the two exemption motions in question. The Village president's written veto dated November 18, 1986, was attached to the minutes of the November 18, 1986, meeting. The veto was not called for override or reconsideration at the November 18, 1986, meeting. However, at the regular board meeting on December 2, 1986, a motion to override the veto was made and was defeated. Furthermore, the Village board passed an ordinance at the December 2 meeting establishing the special service area and again included the property of the plaintiffs in the special service area.

On July 29, 1987, plaintiffs filed a two-count complaint in the circuit court of Kane County. In count I, plaintiffs sought a declaratory judgment excluding plaintiffs' properties from the special service area pursuant to the Village board's resolution of November 4, 1986. In count II, plaintiffs sought a permanent injunction. The Village made a motion to strike the complaint for failure to state a cause of action.

This motion was denied on February 24, 1988. In addition, defendants' motion to dismiss the complaint was denied on April 15, 1988. On November 21, 1988, plaintiffs' motion for summary judgment as to count I was granted, and a declaratory judgment was entered. The judgment declared that the action of the Village on November 4, 1986, which deleted plaintiffs' property from the special service area, was still valid and binding with the full force of law. No action has been taken with respect to count II, which sought injunctive relief. This appeal followed.

The Village first contends that the complaint is not sufficient to support a judgment for the plaintiffs. The Village argues the complaint failed to allege any of the necessary elements for a declaratory judgment action, including the failure to plead the existence of an actual case or controversy or the lack of other adequate remedies. The Village contends that plaintiffs did have other adequate remedies, all of which were contained in the Special Service Areas Act.

Although neither party has questioned this court's jurisdiction, we have a duty to raise it *sua sponte* and dismiss the appeal if we determine that we do not have jurisdiction. (*Ferguson v. Riverside Medical Center* (1986), 111 Ill. 2d 436, 440; *Renzulli v. Zoning Board of Appeals* (1988), 176 Ill. App. 3d 661, 662.) We find that we lack jurisdiction in this case because the order from which the appeal was taken was not final and appealable.

■ An appellate court may only hear appeals from final judgments or where an exception specified by the supreme court rules is applicable. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112; *Village of Cary v. Pavis* (1988), 171 Ill. App. 3d 1072, 1073.) The order appealed in the case at bar is not a final order, and it does not fall within any exception authorized by the supreme court rules. In order to have a final and appealable order, the judgment must terminate the litigation between the parties on the merits so that if affirmed, the trial court need only execute judgment. (*In re Marriage of Spizzo* (1988), 168 Ill. App. 3d 487, 492; *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007.) A reviewing court must decide in each case whether the judgment fully and finally disposes of the rights of the parties so that no material controverted issue remains to be determined. *Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 249-50.

■ In this case, the trial court has not ruled on count II, and therefore it is still pending. Supreme Court Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only

if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. *In the absence of such a finding, any judgment that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties *is not* enforceable or *appealable* and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) (107 Ill. 2d R. 304(a).)

If defendants wanted to appeal the trial court's ruling granting plaintiffs summary judgment as to count I, they were required to request a finding "that there is no just reason for delaying enforcement or appeal" (107 Ill. 2d R. 304(a)). The absence of the required language in the trial court's order of November 21, 1988, contravenes the requirements of Supreme Court Rule 304(a) and leaves defendants with an order that is not final and cannot be appealed.

This case is a good example of why Supreme Court Rule 341(e)(4)(ii) (122 Ill. 2d R. 341(e)(4)(ii)) was enacted. Supreme Court Rule 341(e)(4)(ii) requires a brief statement or explanation in the appellant's brief under the heading of "Jurisdiction" of the basis for appeal, *e.g.*, whether as a final judgment under Supreme Court Rule 301 or pursuant to Supreme Court Rules 304(a) or (b). 122 Ill. 2d R. 341(e)(4)(ii).

The statement set forth in defendants' brief reads:

### "STATEMENT OF JURISDICTION

Defendants bring this appeal under Supreme Court Rule 301 providing for an appeal of right from a final judgment of the Circuit Court."

Such a cavalier and conclusory approach to Supreme Court Rule 341 is of no help to this court. A more helpful statement might have been given as follows:

### JURISDICTION

This is an appeal from three orders of the trial court: (1) order dated February 24, 1988, denying a motion to strike the complaint; (2) order of April 15, 1988, denying motion to dismiss the complaint; and (3) order dated November 21, 1988, entering declaratory judgment on count I of the complaint. On [date], the trial court entered an order making the declaratory judgment appealable pursuant to Supreme Court Rule 304(a).

Notice of appeal was filed on December 15, 1988.

If defendants had taken the time to write an explanatory statement they would have hopefully recognized that they still had a claim pending (count II) in the circuit court, and thus their appeal was pursuant to Supreme Court Rule 304(a) and not Supreme Court Rule 301. Plaintiffs accepted defendants' conclusion that the judgment on the declaratory judgment count (count I) was final and appealable, and neither party called to this court's attention the remaining count for a permanent injunction (count II). The case was fully briefed, and, in retrospect, all parties concerned expended unnecessary time prior to a determination that this court lacked jurisdiction.

We write these comments not to embarrass counsel, but to highlight the importance of giving thoughtful consideration to the requirements of the jurisdictional statement. The purpose of the statement is not merely to tell this court that it has jurisdiction. Instead, the *brief statement or explanation* was intended to provoke counsel to make an independent determination of the right to appeal prior to writing the briefs. If defendants had paused long enough to analyze jurisdiction, or plaintiffs had challenged the inadequate jurisdictional statement, everyone would have been saved work, and, most importantly, the people we all serve may have been saved expense.

The statement of jurisdiction could be written in many appropriate ways, but it should at a minimum set forth the necessary dates and other information to enable someone unacquainted with the case to make a quick analysis of jurisdiction.

We do not have jurisdiction to consider this appeal, and therefore we dismiss it.

Appeal dismissed.

NASH and DUNN, JJ., concur.