GALVIN KENNEDY, Plaintiff-Appellee, v. BARBARA MILLER *et al.*, Defendants (Drenk & Smith, Ltd., Appellant).

Second District    No. 2—89—1029

Opinion filed May 21, 1990.

Douglas Drenk and Nancy J. Smith, both of Drenk & Smith, Ltd., of Wheaton, for appellant.

William E. Jegen, of William E. Jegen, P.C., of Glen Ellyn, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The appellant in this cause is Drenk & Smith, Ltd. (defense counsel), the law firm representing defendants Barbara Miller, Laurence Miller, and La Grange State Bank in an action filed by the plaintiff, Galvin Kennedy, in the circuit court of Du Page County. After the appeal was filed, the plaintiff filed a motion with this court seeking dismissal of the appeal for lack of jurisdiction and sanctions against defense counsel for bringing an allegedly frivolous appeal. We granted the motion to dismiss the appeal but reserved our ruling on the question of sanctions.

The sole remaining issue on appeal is whether this court should impose sanctions on defense counsel for the filing of an allegedly frivolous appeal pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)).

This cause was initiated with a complaint filed by the plaintiff on March 14, 1977, seeking to establish the existence of a joint venture between the parties. The complaint also sought an accounting and the recovery of profits. Although the long history of this litigation is given somewhat more thorough treatment in our prior decision in *Kennedy v. Miller* (1988), 174 Ill. App. 3d 48, 528 N.E.2d 406, no such recitation is necessary here. The only event of importance here is the trial court's order of October 3, 1989, imposing sanctions on the defendants and their attorneys pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). On October 10, 1989, defense counsel filed a notice of appeal on their

own behalf from the order imposing sanctions. The record does not indicate that the pending issues between the parties were resolved when the notice of appeal was filed. The entire record, comprising all proceedings since 1977, was subsequently transmitted to this court.

The brief submitted on appeal by defense counsel contained a jurisdictional statement stating that this court had jurisdiction over the appeal pursuant to our decision in *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 523 N.E.2d 220. On February 23, 1990, the court, on its own motion, ordered defense counsel to file an amended jurisdictional statement indicating the supreme court rule pursuant to which the appeal was taken. Defense counsel's amended jurisdictional statement, which was filed March 6, 1990, stated that jurisdiction over the appeal was based on Supreme Court Rule 301 (107 Ill. 2d R. 301), which governs appeals from a "final judgment of a circuit court."

The plaintiff first raised the issue of whether this court had jurisdiction to hear the appeal in a motion filed March 8, 1990, seeking dismissal of the appeal and sanctions against defense counsel pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The plaintiff argued that this court had no jurisdiction over the appeal because the order imposing sanctions was not a final, appealable order and because no provision for interlocutory appeal was applicable under these circumstances. Plaintiff stated in the motion that the underlying case remains pending in the circuit court of Du Page County. The motion asked us to impose sanctions on defense counsel because "this spurious interlocutory appeal was filed to cause further delays by removing the Court file from [the trial court] and/or to further harass this plaintiff in this thirteen (13) year old case." The motion was accompanied by the affidavits of Peter Lombardo and William Jegen, attorneys for the plaintiff, indicating that plaintiff incurred $3,975 in attorney fees in conjunction with this appeal.

In a response to the plaintiff's motion filed March 14, 1990, defense counsel claimed that the plaintiff's jurisdictional argument "totally ignores" this court's prior opinion in *Sherman*. Defense counsel claimed that *Sherman* recognized "the right of non-party attorneys who are sanctioned to an immediate appeal." Accompanying the response was the affidavit of attorney Douglas Drenk, which took issue with the amount of attorney fees claimed by the plaintiff.

The plaintiff continued to argue in favor of dismissal and sanctions in its brief filed March 20, 1990. The plaintiff contended that the *Sherman* decision, cited by defense counsel in support of appellate jurisdiction, "does not address the timeliness of an appeal; it

only addresses the standing of a party to bring an appeal." The plaintiff's brief again noted that this cause was appropriate for the imposition of sanctions pursuant to either Supreme Court Rule 375 or Supreme Court Rule 137 because the filing of the appeal was frivolous.

On March 27, 1990, this court issued an order granting the plaintiff's motion to dismiss the appeal for lack of jurisdiction. The plaintiff's motion for sanctions and defense counsel's response thereto were taken under advisement. We now address the question of whether sanctions should be imposed on defense counsel for the filing of an allegedly frivolous appeal. We note that our inquiry here is limited solely to defense counsel's conduct on appeal, and we do not address the merits of the appeal, now dismissed, from the imposition of sanctions by the trial court. Although we have dismissed the appeal, we retain jurisdiction to decide the question of sanctions. In this regard, we are in agreement with the recent holding of a Federal appellate court:

> "Our inherent jurisdiction to condemn and punish the abusive conduct of litigants and their attorneys who appear before us is separate and apart from our jurisdiction to adjudicate the merits of their claims. In the exercise of our inherent jurisdiction we may, of course, inform ourselves of the nature and extent of apparent misconduct and we may condemn it as abusive. Our condemnation is not the exercise of our jurisdiction over the merits; it is an exercise of our inherent jurisdiction. That some issue may be common to both bases of jurisdiction does not preclude this court from exercising either independently or both simultaneously." *Trohimovich v. Commissioner of Internal Revenue* (9th Cir. 1985), 776 F.2d 873, 875.

■ Although the plaintiff has asked us to impose sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137), we believe that Rule 137 is not applicable to motions seeking sanctions for the bringing of a frivolous appeal. Supreme Court Rule 375(b), however, specifically allows a reviewing court to impose sanctions for improper appeals. The rule states in part:

> "If, after consideration of an appeal, it is determined that the appeal itself is frivolous, or that an appeal was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An

appeal will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." (134 Ill. 2d R. 375(b).)

Because this rule, and not Supreme Court Rule 137, is applicable here, we will treat the plaintiff's motion as a motion brought pursuant to Supreme Court Rule 375.

The plaintiff argues that defense counsel's baseless attempt to bring an interlocutory appeal from the trial court's imposition of sanctions represents an utterly frivolous appeal causing unnecessary delay. We agree. There is absolutely no arguable basis in law supporting the exercise of this court's jurisdiction over the appeal brought by defense counsel, nor has an argument been advanced for modification of existing law.

The only basis defense counsel raises in support of the court's jurisdiction to hear this appeal is our prior decision in *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 523 N.E.2d 220. In *Sherman*, we noted that attorneys subject to an order assessing sanctions could appeal that order even if they were not parties to the underlying action. (*Sherman*, 169 Ill. App. 3d at 165, 523 N.E.2d at 223.) Thus, *Sherman* held that attorneys have *standing* to appeal from the imposition of sanctions. Contrary to defense counsel's assertion that *Sherman* recognized the right of sanctioned attorneys "to an immediate appeal," our decision in *Sherman* did *not* state that such an appeal could be brought *before the entry of final judgment in the underlying action.* In fact, the appeal in *Sherman* was not brought until *after* the entry of final judgment in the underlying suit. *Sherman*, 169 Ill. App. 3d at 162, 523 N.E.2d at 221.

Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) provides that if multiple parties or claims for relief are involved in an action, an appeal may be taken from a final judgment as to fewer than all the parties or claims only if the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal. In the present case, the trial court never made such a finding with regard to the order sanctioning defense counsel. In *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372, the Appellate Court for the Fourth District dismissed an appeal from an order dismissing a complaint because defendant's request for section 2—611 sanctions was still pending in the trial court when plaintiff's notice of appeal was filed, and the trial court had not made the requisite Rule 304(a) finding. (*Hise*, 116 Ill. App. 3d at 684, 452 N.E.2d at 374-75.) The court stated, however, that a section 2—611 claim could be brought

as a separate action at any time within 30 days of the judgment disposing of the underlying claim, and if this were done, the trial court's failure to rule on the section 2—611 claim would not affect the appealability of the underlying judgment, even in the absence of a Rule 304(a) finding. 116 Ill. App. 3d at 684, 452 N.E.2d at 375.

In *People v. King* (1988), 170 Ill. App. 3d 409, 524 N.E.2d 723, the Appellate Court for the Fourth District, relying on *Hise*, held that a section 2—611 claim made by the State after judgment was entered on defendant's petition to rescind the statutory summary suspension of his driver's license was a separate action which did not affect the appealability of the judgment on the petition to rescind. (*King*, 170 Ill. App. 3d at 417, 524 N.E.2d at 728.) In *King*, the court failed to consider the applicability of the following language that was added to section 2—611 effective November 25, 1986:

"All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney or insurance company involved in the civil action in question." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

We note that similar language is also found in Supreme Court Rule 137 (134 Ill. 2d R. 137).

In *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 534 N.E.2d 1243, this court stated that the above language makes it clear that section 2—611 claims must be considered part of the civil action which gave rise to the claim and cannot be considered separate actions. (*Palmisano*, 179 Ill. App. 3d at 1095, 534 N.E.2d at 1247; see also *Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 869, 533 N.E.2d 1144, 1146.) We went on to hold in *Palmisano* that, absent a Rule 304(a) finding by the trial court, the underlying judgment in a civil action is not appealable if a section 2—611 claim remains unresolved. (*Palmisano*, 179 Ill. App. 3d at 1095, 534 N.E.2d at 1247.) The *Palmisano* holding has been cited and followed in other cases from this district. See *In re Marriage of Strauss* (1989), 183 Ill. App. 3d 424, 430, 539 N.E.2d 808, 813; *Kousins v. Anderson* (1989), 180 Ill. App. 3d 827, 829, 536 N.E.2d 487, 489.

In both *Strauss* and the case at bar, an attempt was made to appeal from the imposition of sanctions pursuant to section 2—611 while the underlying case was still pending in the trial court. We

held in *Strauss* that, absent a Rule 304(a) finding by the trial court, the order granting sanctions was not final and appealable under these circumstances, and we dismissed the appeal. (*Strauss*, 183 Ill. App. 3d at 430, 539 N.E.2d at 813.) *Strauss* is directly on point, and it is clear from examining that holding that defense counsel's attempted appeal in the case at bar was premature.

We recognize there is some conflict between the *Palmisano* line of cases and the holding of the Appellate Court for the Fourth District in *King* concerning the issue of whether a section 2—611 claim must be considered part of the action which gave rise to the claim or can be considered a separate action under some circumstances. Even if the *King* rationale has some validity, however, it only applies to section 2—611 claims brought after the judgment in the underlying action. (*People v. King* (1988), 170 Ill. App. 3d 409, 417, 524 N.E.2d 723, 728.) In the case at bar, the order imposing sanctions pursuant to section 2—611 was issued before judgment was entered in the underlying case. Thus, the *King* rationale is clearly unavailable to defense counsel, and there is no arguable basis for appellate jurisdiction in this case.

As we have already discussed, the only basis defense counsel put forth to show that this court had jurisdiction over the appeal was our prior decision in *Sherman*, a case which is wholly inapposite here. We look to the committee comments accompanying Rule 375 for guidance in determining whether defense counsel's misapplication of the law, which resulted in this appeal being pressed, is cause for the imposition of sanctions. The committee comments state that we must apply "an objective standard of conduct, *viz*, an appeal will be found to be frivolous if a reasonable prudent attorney would not in good faith have brought such an appeal." 134 Ill. 2d R. 375(b), Committee Comments.

We believe that a reasonable, prudent attorney would have taken care to insure that jurisdiction existed before attempting to bring such an unusual interlocutory appeal. Defense counsel's fault lies not merely in misreading the clear statement of the law in *Sherman*, but also in failing to recognize their error after being presented with a number of opportunities to do so. Defense counsel's first opportunity to examine whether there was jurisdiction over this appeal was at the time they wrote the original jurisdictional statement in their brief as required by Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii); see also Ill. Rev. Stat., 1988 Supp., ch. 110A, par. 341(e)(4)(ii)). The very purpose of requiring a party to include such a jurisdictional statement is to "provoke counsel to make an indepen-

dent determination of the right to appeal prior to writing the briefs." (*Waitcus v. Village of Gilberts* (1989), 185 Ill. App. 3d 248, 252, 541 N.E.2d 213, 216.) Defense counsel failed to utilize this opportunity, because the original jurisdictional statement merely referred us to our prior decision in *Sherman*. Our order directing defense counsel to file an amended jurisdictional statement in conformity with Rule 341(e)(4)(ii) gave them yet another opportunity to cogitate about whether jurisdiction was present. Instead, defense counsel's amended jurisdictional statement again merely stated that jurisdiction was appropriate pursuant to Supreme Court Rule 301. Because Rule 301 applies only to appeals from final judgments, it is apparent that this second opportunity for defense counsel to consider the jurisdictional question passed without effect.

Finally, the plaintiff's motion to dismiss the appeal placed the propriety of our jurisdiction squarely at issue. Again, defense counsel relied solely on our decision in *Sherman* although that case clearly does not resolve the jurisdictional issue in this case. None of these three opportunities prompted defense counsel to reevaluate their reliance on *Sherman*. Instead, defense counsel persisted in prosecuting an appeal which, under these circumstances, a reasonable, prudent attorney would have realized could not be brought at this juncture. The result was the unnecessary expenditure of resources by both the plaintiff and this court, not to mention the delay which may have been occasioned in resolving the underlying lawsuit in the trial court.

We conclude that the filing of this appeal was an action not reasonably well-grounded in law, and, as such, this conduct is sanctionable under Rule 375. We believe that the appropriate sanction under these circumstances is to require defense counsel to pay the reasonable attorney fees the plaintiff incurred in defending this appeal.

Since appellate jurisdiction was obviously lacking in this case, we believe plaintiff should only be compensated for the work of his attorneys relating to the preparation of his motion to dismiss this appeal. Plaintiff's attorneys seek compensation for 29.3 hours of work on this appeal. This itemized account of attorney fees reveals that some of this time obviously did not relate to preparation of the motion to dismiss, including reading defense counsel's appellate brief and cases cited therein and reviewing transcripts. Furthermore, plaintiff's motion to dismiss was lengthier than necessary because it did not cite any of the recent relevant authority from this district, including *Palmisano* and *Strauss*. We believe 10 hours of attorney Lombardo's time was necessary at a rate of $125 per hour and five hours of attorney Jegen's time at $150 per hour. We therefore direct

attorneys Drenk and Smith to pay $2,000 to plaintiff as a sanction for bringing this appeal. Drenk and Smith shall be jointly and severally liable for payment of this amount.

Motion granted; sanction imposed.

REINHARD and GEIGER, JJ., concur.