JOSEPH A. WAITCUS *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF GILBERTS *et al.*, Defendants-Appellants.

Second District   No. 2—89—1137

Opinion filed June 26, 1990.

Roeser, Vucha & Carbary, of Elgin (Ronald O. Roeser, of counsel), for appellants.

Gromer, Wittenstrom & Meyer, P.C., of Elgin (Clarence F. Wittenstrom, Jr., of counsel), for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Defendants appeal from an order granting plaintiffs' motion for summary judgment as to count I of their complaint. On appeal, defendants contend that the complaint should have been dismissed, that the village board followed proper procedures in dealing with plaintiffs' petitions, and that the trial court erred in granting plaintiffs' motion for summary judgment. We affirm.

Defendant, Village of Gilberts (Village), passed an ordinance proposing the creation of a special service area (SSA) in an industrial park. A public meeting was held on October 15, 1986, to hear comments and objections to creation of the SSA, pursuant to section 6 of "An Act to provide the manner of levying or imposing taxes for the provision of special services to areas ***" (the Act) (Ill. Rev. Stat. 1985, ch. 120, par. 1301 et seq.). This meeting was adjourned to October 22, 1986, and again to November 4, the next scheduled meeting of the Village board.

At the November 4 meeting, plaintiffs, owners of certain property located in the area designated to be the SSA, submitted petitions and argued that their properties should be deleted from the SSA. According to the minutes of this meeting, the first motion concerned lots 1, 2 and 3, while the second motion concerned lots 15, 16, 17, 18, 19 and 20. The board voted five to zero to exclude the lots in the first petition and three to two to exclude the lots in the second petition. The board consisted of a president and six trustees. However, the president and one trustee were absent at this meeting. Following this action on the petitions, the meeting was adjourned.

At the next regular meeting of the board, November 18, the board unanimously approved the minutes of the November 4 meeting. The Village president subsequently vetoed the two exemption motions passed at the last meeting. No further action was taken on the motions at that meeting. However, a motion to override the veto was made and defeated at the next regular board meeting on Decem-

ber 2. The board then passed an ordinance establishing the SSA, which again included the plaintiffs' property.

On July 29, 1987, plaintiffs filed a two-count complaint in the circuit court of Kane County. Count I sought a declaratory judgment excluding plaintiffs' properties from the SSA, pursuant to the board's resolution of November 4, 1986. Count II sought a permanent injunction enjoining defendants from passing any ordinance or resolution including plaintiffs' properties in any SSA or tax assessment. The Village moved to strike the complaint for failure to state a cause of action. This motion was denied on February 24, 1988. Defendants' motion to dismiss the complaint was similarly dismissed on April 15, 1988. On November 21, 1988, the court granted summary judgment as to count I to the plaintiffs, declaring that the action of the village on November 4, 1986, which deleted plaintiffs' properties from the SSA, was still valid and binding with the full force of law. No action was taken on count II. Defendants then appealed to this court. However, this appeal was dismissed for a lack of jurisdiction, as the order from which appeal was taken was not final and appealable. (See *Waitcus v. Village of Gilberts* (1989), 185 Ill. App. 3d 248.) On October 23, 1989, count II of the complaint was dismissed. This appeal followed.

■ Defendants first contend that the complaint is insufficient to support a judgment for the plaintiffs. Therefore, the trial court erred in denying the defendants' motion to strike the complaint. Defendants raise several grounds to support their conclusion of insufficiency. First, defendants allege that the complaint failed to set forth any duty, breach, or violation of law with any particularity. On the contrary, we find several allegations in the complaint that set forth violations of law with particularity, including:

"That on November 18, 1986, at the regular meeting of the Village Board, the resolutions excluding Plaintiffs' properties from Ordinance 86—17, SSA No. 3, which resolutions were valid and binding pursuant to Illinois law and the Articles of Incorporation of the Village of Gilberts, were purportedly vetoed by Gilberts' Village President, **GORDON MUELLER**, *in direct contravention of powers vested in him by Illinois Revised Statutes, Ch. 24, Sec. 3—11—18, and Section 35 of the Articles of Incorporation of the Village of Gilberts, Illinois* * * *.

\* \* \*

That neither Plaintiffs, nor Plaintiffs' attorneys, received any further notice of information regarding the Village Board

action adversely affecting the Plaintiffs, including the veto of all motions or resolutions to exclude, or of subsequent passage of Ordinance 86—17, until the December 4 1986 letter from Attorney Roeser was received by Plaintiffs' attorney *** which lack of notice was in violation of Plaintiffs' constitutional rights to due process under the Constitutions of the United States of America and the State of Illinois." (Emphasis added.)

We find these allegations adequate to survive the motion to strike.

■ Defendants maintain that the complaint failed to allege any of the necessary elements for declaratory and injunctive relief. However, defendants chose not to present any argument concerning the elements necessary for declaratory relief, other than the bald assertion that they are lacking here, and cite no case law on the issue. Therefore, defendants have waived this issue for failure to present any meaningful argument or case authority. (See *In re Marriage of Ingram* (1988), 176 Ill. App. 3d 413, 420.) Defendants' argument regarding allegations necessary for injunctive relief is unnecessary, as the count seeking injunctive relief was dismissed. That issue is, therefore, moot.

Defendants next maintain that the complaint should have been stricken because the plaintiffs relied on grounds insufficient to support a judgment. The complaint alleged that each of the lots sought to be deleted was either unsuitable for development or not specially benefitted by the intended improvements. Defendants argue that plaintiffs' position is irrelevant to this case, citing *Andrews v. County of Madison* (1977), 54 Ill. App. 3d 343, for support. Defendants' reliance on *Andrews* is misplaced, as *Andrews* is clearly distinguishable. The plaintiffs in *Andrews* contended that the lack of benefit to their properties was a basis for the court to delete their property from the SSA. In the case before us, plaintiffs' complaint makes no such argument. While the lack of benefit to the properties is raised, plaintiffs do not rely on that allegation for relief. Plaintiffs here are contesting the propriety of the procedures used to reinstate their property to the proposed SSA. They are not arguing that defendants could not have included the property in the first instance, as the plaintiffs in *Andrews* argued. Defendants' argument is inapposite and provides no reason to reverse the decision of the trial court.

Defendants also maintain that the petitions submitted by plaintiffs were not properly signed and thus were improperly executed. This is argued in conjunction with defendants' motion to strike as well as their motion to dismiss. However, the issue was not raised in

the motion to strike and obviously has no bearing on whether the complaint stated a cause of action. On the basis of the arguments raised, we find no error by the trial court in denying defendants' motion to strike the complaint. We, therefore, will only consider the validity of the petitions in conjunction with the motion to dismiss.

■■■ ■ Defendants' motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) did raise the issue of improper execution of plaintiffs' petitions. Defendants maintain that the petitions were improperly signed by the plaintiffs and were, therefore, void *ab initio*. The petitions for lots 1 and 3, owned by corporations, were signed by plaintiffs' counsel; according to defendants, such petitions should have been signed by corporate officers. Lot 2 is property held in a land trust. The petition for this land was signed by the beneficial owner but should have been signed, according to defendants, by the trustee. The petition for lots 17 and 18, owned by plaintiff Coffey, is signed by plaintiff Waitcus. The petition for lots 15, 19 and 20 was signed by the owner of record and is not at issue in this argument.

Protests and objections to the creation of special service areas are covered in section 6 of the Act, which provides in part:

"At the public hearing held hereunder *any interested person*, including all persons owning taxable real property located within the proposed special service area, may file with the municipal clerk or county clerk, as the case may be, written objections to and may be heard orally in respect to any issues embodied in the notice." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 120, par. 1306.)

Defendants maintain that, under these provisions, only property owners may object to the creation of the SSA. Defendants cite *Ciacco v. City of Elgin* (1980), 85 Ill. App. 3d 507, for that proposition and for specific language holding that corporate officers must sign for corporate property and that trustees must sign for trust property. However, *Ciacco* is easily distinguishable from the case before us. *Ciacco* involved a petition objecting to creation of an SSA brought under section 9 of the Act. Section 9 provides in part:

"If a petition signed by at least 51% of the electors residing within the special service area and by at least 51% of the *owners of record* of the land included within the boundaries of the special service area is filed with the municipal clerk or county clerk, as the case may be, within 60 days following the final adjournment of the public hearing objecting to the creation of the special service district, the enlargement thereof, the levy

or imposition of a tax or the issuance of bonds for the provision of special services to the area, or to a proposed increase in the tax rate, no such district may be created, enlarged, or tax may be levied or imposed nor the rate increased, or no such bonds may be issued." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 120, par. 1309.)

Section 9 provides a separate avenue of relief and specifically refers to owners of record signing the petition. The procedures required under section 9 are unique to that section and are inapplicable to section 6. Indeed, while section 9 limits petition signatures to owners of record, section 6 allows objections by "any interested person." Defendants cite no case law and make no argument as to why the more restrictive provisions of section 9 should be imposed on section 6. In their discussion of the *Ciacco* case, defendants rather disingenuously imply that the court ruled on the provisions of section 6. It did not. No other argument is made. We do not conclude that only owners of record may sign petitions brought under section 6 of the Act. Therefore, the court did not err in denying defendants' motion to dismiss.

██ █ Defendants next make several contentions regarding the propriety of the procedures followed by the board and the president in passing the SSA ordinance. These contentions are raised in conjunction with the court's granting of summary judgment to the plaintiffs. However, as the court made neither written nor oral findings of fact and conclusions of law, we do not know how the court ruled on these issues. In order to determine whether the trial court properly granted summary judgment, a reviewing court must be provided with a sufficient record from which to render a decision. (*Lurz v. Panek* (1988), 172 Ill. App. 3d 915, 922.) It is incumbent upon the party seeking review of a judgment to present a record of the proceedings and judgments showing the errors of which he complains. (*Neylon v. Illinois Racing Board* (1978), 66 Ill. App. 3d 621, 623.) Any doubts arising because of an incomplete record will inure to the appellee's benefit and will be resolved against the appellant. (*In re Estate of Thompson* (1985), 131 Ill. App. 3d 544, 547.) In this case, defendants have presented us with no indication of how the court concluded the issue of board procedures. We are, therefore, unable to determine whether the court's conclusion was erroneous. This omission is fatal; it precludes us from considering the issue on appeal. See *McCook Window Co. v. Hardwood Door Corp.* (1964), 52 Ill. App. 2d 278, 283.

Defendants next contend that the trial court erred by granting

plaintiffs' motion for summary judgment. This section of the brief is filled with conclusions and bits of facts but is totally devoid of any citation to case or statutory authority. In addition, no attempt at coherent argument is made. This section of the brief is entirely inadequate, and we consider the contentions raised therein to be waived. See *In re Marriage of Ingram* (1988), 176 Ill. App. 3d 413, 420.

■■ Plaintiffs also seek relief from this court, praying for an order directing the village to show cause why further relief should not be granted, pursuant to section 2—701(c) of the Code of Civil Procedure, which provides:

> "If further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order." (Ill. Rev. Stat. 1987, ch. 110, par. 2—701(c).)

We are not informed by plaintiffs as to why they seek such relief from this court. The purpose of section 2—701(c) "is to permit the trial court to grant appropriate relief in furtherance of its original judgment where necessary." (*Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1986), 143 Ill. App. 3d 781, 785-86.) The trial court is the proper tribunal to receive such a petition for relief. This court's jurisdiction attaches only upon the proper filing of a notice of appeal. (*Daley v. Laurie* (1985), 106 Ill. 2d 33, 37.) Plaintiffs have not appealed any ruling from the trial court. We, therefore, have no jurisdiction and will not consider granting the requested relief.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and WOODWARD, JJ., concur.