DAVID W. BENO, Plaintiff-Appellee and Cross-Appellant, v. RAYMOND L. McNEW, Defendant-Appellant and Cross-Appellee (La Salle National Bank *et al.*, Defendants).

Second District   Nos. 2—90—1189, 2—90—1264 cons.

Opinion filed May 3, 1991.

Richard W. Husted, of Dundee, for appellant.

Rita Farrell and John F. Early, both of Early, Collison, Tousey, Regan & Farrell, and Robert J. Morrow, of Early, Collison, Tousey, Regan, Wlodek & Morrow, both of Elgin, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Raymond L. McNew, appeals from an order of the circuit court of Kane County granting him attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—611 (preempted by Supreme Court Rule 137 (134 Ill. 2d R. 137, eff. Aug. 1, 1989))). Defendant contends that the amount awarded is insufficient as it does not accurately reflect the attorney fees incurred in defending the suit, nor does it compensate defendant for the time he personally spent defending the suit. Plaintiff, David W. Beno, filed a cross-appeal, contending that the trial court erred in granting McNew any amount of attorney fees. The two appeals have been consolidated. We reverse and remand.

The record reveals the following facts. On July 30, 1985, plaintiff, an investigator with the United States Environmental Protection Agency, was inspecting property allegedly being used as an "unauthorized landfill." The property was in a trust at La Salle National Bank, trust No. 14790—09, and defendant Jeffrey S. Reimer was beneficiary of the trust. While conducting his inspection, plaintiff fell on various materials deposited on the property and was injured. Plaintiff filed suit on June 1, 1987, seeking to recover damages for his personal injuries. J.S. Reimer, Inc., was named as a defendant along with four other defendants who owned property adjacent to the "landfill," including defendant McNew. Specifically, count IV of the complaint named McNew as a defendant, alleging that McNew owned a portion of the property on which the "landfill" was located. Count IV further alleged that McNew breached a duty to exercise care in the operation, control, and maintenance of the property.

On July 2, 1987, McNew filed a motion to strike and dismiss count IV of plaintiff's complaint for failure to state a cause of action. McNew's motion alleged that the location of the property on which plaintiff sustained his injury is not specified in the complaint and that, as a matter of law, McNew had no obligation or duty to maintain the "landfill" since he was only obligated to care for that property which he owned or operated. McNew did not schedule his motion for a hearing.

On December 2, 1987, plaintiff and his counsel, together with all of the defendants and their attorneys, except McNew and his counsel, met at the "landfill" site to ascertain where plaintiff's injury took place. Plaintiff subsequently filed a response to admit on December 30, 1987, stating that based upon the December 2 inspection, he believed that the fall that occurred on July 30, 1985, occurred on the property owned by J.S. Reimer, Inc.

On January 6, 1988, plaintiff filed an amended complaint. McNew was again named as a defendant in count IV of the amended complaint, which realleged that McNew owned a portion of the property on which the "landfill" was located and that he breached a duty of care in the maintenance of that property. McNew subsequently filed a motion to strike and dismiss count IV of the amended complaint, alleging that the complaint failed to state a cause of action since one does not have a duty to maintain property belonging to another. McNew did not schedule a hearing for his motion, and on August 8, 1988, plaintiff voluntarily dismissed McNew as a party defendant.

McNew subsequently filed a motion for attorney fees and costs pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). In the motion, McNew alleged that both the original complaint and the amended complaint were replete with untrue averments of facts and conclusions of law. Specifically, McNew maintained that plaintiff had not ascertained the location of his fall in the two years prior to filing the initial complaint; yet, both the original complaint and the amended complaint alleged that McNew owned a portion of the "landfill" and was obligated to maintain that property in a safe condition. McNew maintained that he did not have any maintenance responsibility for the Reimer property on which plaintiff sustained his injuries. McNew stated that, in defending plaintiff's claim against him, he incurred $2,300 in attorney fees, based on 23 hours of work at $100 per hour. McNew also sought compensation for his own time, claiming that he had done much investigating on his own and had spent much time in consultation with other defendants and with his own lawyer. McNew valued his 50 hours of time that he spent on the case at $50 per hour. McNew sought judgment in the sum of $5,000 plus costs of the suit.

In his response to McNew's motion, plaintiff alleged that McNew failed to meet the burden of proof imposed by section 2—611. Plaintiff claimed that, at the time of his fall, there were no markings on the property to delineate who owned which portions of the "landfill" and there was a question as to whether the adjoining landowners had placed fill materials on each other's property creating the dangerous

condition that caused plaintiff's injuries. Plaintiff also alleged that McNew's attorney accumulated fees in the action by failing to notice for hearing his motions to dismiss plaintiff's complaint and amended complaint and by failing to participate in the December 2, 1987, on-site conference with plaintiff and the other parties. Plaintiff noted that the claim for attorney fees was not substantiated with any documentation and was entirely insufficient. Lastly, plaintiff argued that there is no basis in Illinois law allowing McNew to recover an award for fees for his own time.

McNew was granted leave to file a reply to plaintiff's response to his motion for attorney fees and costs. In his reply, McNew alleged that plaintiff's action was baseless in law and, further, that plaintiff knew that he was on the Reimer property at the time of his fall. McNew cited to two documents prepared shortly after plaintiff's fall, specifically: (1) a "Supervisor's Report of Accident/Illness," dated August 27, 1985, which indicated that the exact location of the accident was: "Gilberts, Illinois: unauthorized landfill on Reimer Property"; and (2) a "Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation," which indicated that the place the injury occurred was: "Gilberts, Illinois: Unauthorized fill on Riemer [sic] Property." As to his claim for his own personal expenses, McNew argued that section 2—611 provides that a party may recover reasonable expenses, *including* a reasonable attorney's fees. McNew argued that the language of the statute implies that he is entitled to recover his personal expenses in addition to his attorney fees. McNew argued that these expenses are recoverable not only for the underlying action, but also for the section 2—611 proceeding itself. Consequently, McNew filed a supplementary motion for fees and expenses, requesting that $1,000 be added to the award for fees and expenses to reflect the cost of the section 2—611 proceeding.

On October 18, 1988, the trial court denied McNew's motion for attorney fees after hearing arguments of counsel, but without conducting an evidentiary hearing. McNew appealed, and this court reversed the trial court's order denying McNew's motion (*Beno v. McNew* (1989), 186 Ill. App. 3d 359). In doing so, we held that the trial court erred in summarily disposing of McNew's petition; and thus, we remanded the cause to the trial court with instructions to conduct a hearing on the merits of the motion. *McNew*, 186 Ill. App. 3d at 366-67.

The hearing was conducted on June 18, 1990. Plaintiff was called as an adverse witness and testified that he was employed by the United States Environmental Protection Agency as an environmental

protection specialist since 1979. Plaintiff explained that prior to that he was employed by the Army Corps of Engineers in the permit section. Plaintiff admitted that he is familiar with how to locate the ownership of property; however, plaintiff testified that he made no effort to locate the ownership of the Reimer property before he inspected it on July 30, 1985. Plaintiff claimed he was not sure whose property he was inspecting. Plaintiff knew Mr. Reimer had property in that area, but he did not know who else did, and he had no idea where the property lines were. Plaintiff stated that, shortly after his fall, he made a written report identifying the property upon which he fell only as "Gilberts, Illinois." Plaintiff was subsequently shown the supervisor's accident report and the Federal employee's notice of injury report; both indicated that plaintiff's injury occurred on the Reimer property. Plaintiff explained that, in making the reports, he thought his injury could have occurred on the Reimer property, but he did not know for sure.

Plaintiff stated that he did not go back to inspect the property after his fall in July 1985, or before he filed suit in June 1987. Plaintiff testified that, at the time he filed suit, he had no idea whether McNew owned the property, but he named him as a defendant along with the other landowners on the advice of counsel and on the alleged belief that they had been placing fill in the area.

Plaintiff testified that the first time he inspected the land after his fall was on December 2, 1987. Plaintiff testified that he then discovered that his injuries were sustained on the Reimer property, and a response to admit facts indicating the same was filed on December 27, 1987. Nonetheless, an amended complaint was subsequently filed on January 6, 1988, making the same allegation against McNew as the original complaint.

On cross-examination, plaintiff testified that, prior to the July 1985 inspection of the Reimer property, McNew was one of the persons suspected of placing fill on the subject property. A notice of unauthorized activity from the Corps of Engineers was admitted into evidence. It was accompanied by a memorandum of record prepared by the Army Corps of Engineers and dated June 18, 1985. It indicated that fill material was being discharged on the 30-acre wetland and listed five suspected violators, including McNew. The memorandum stated that a complete investigation was to be initiated. Plaintiff testified that McNew was one of the persons he was to investigate when he made his July 1985 inspection.

McNew testified on his own behalf. He stated that he owns a five-acre piece of property on which he operates a salvage and recycling

business. McNew stated that his property is located on the east side of a swamp, and Reimer's property is located on the northwest side of the same swamp, about 300 to 400 feet away. On July 30, 1985, McNew was at his place of business and was not aware of any fall that occurred on the west side of the swamp.

McNew testified that he never placed any fill materials on Reimer's property, nor did he ever see any of the other defendants do so. However, McNew admitted that, in 1985, he was dumping materials on his own property.

On cross-examination, McNew testified that, when he bought his property in 1972, none of it was buildable because of the swamp. McNew explained that the portion he built on was filled in by material that resulted from digging a lake. The remainder was filled in with road materials, including concrete, gravel, and grass. Road materials obtained from a different source were used by other landowners to fill in the swamp, and similar road materials were being dumped on the Reimer property.

Following arguments by counsel, the trial judge concluded that plaintiff's original complaint was not ill-founded or unreasonably made. The court based its decision on the following facts: (1) there were no clearly defined property lines at the time of the occurrence; (2) the "landfill" activity was being performed by a variety of occupiers of land in and around the vicinity; and (3) plaintiff apparently had the authority to investigate all the properties and all the parties relative to the improper "landfill." The court found, however, that after the meeting in December 1987 and the notice to admit facts filed on December 27, 1987, it was improper for plaintiff to present and file the amended complaint which readopted and reincorporated the allegations concerning McNew's ownership of the subject property. Therefore, the court awarded McNew attorney fees and court costs incurred subsequent to December 27, 1987. The court held, however, that the statute does not permit a party to recover his individual costs for his personal time expended and devoted to the defense of the case.

The court ordered McNew to file an itemized petition setting forth the allowable fees and petitions. McNew filed a petition listing 28 hours at $100 per hour for work performed at the trial level, including time incurred as a result of the section 2—611 motion, and 25 hours for work performed when the case was originally appealed. McNew also included a $25 filing fee for the first appeal, bringing the total amount sought to $5,325.

The trial court modified its order as to fees, stating that McNew was allowed to recover attorney fees for the period of December 27, 1987, to August 8, 1988, the date plaintiff voluntarily withdrew its second amended complaint. The trial court then awarded McNew 9½ hours in attorney fees at $100 per hour. McNew's post-trial motion was denied, and he timely appeals.

■ Section 2—611 requires that an attorney sign every pleading, motion and other paper filed with the court, certifying "that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *A & A Acoustics, Inc. v. Valinsky* (1990), 202 Ill. App. 3d 516, 522.) Pleadings and other papers filed in violation of section 2—611 shall subject the party, the party's attorney, or both to an appropriate sanction which may include an order to pay the other party the amount of reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *Beno*, 186 Ill. App. 3d at 365.) The purpose behind section 2—611 is to prevent counsel from making unsupported assertions of fact or law and to prevent a litigant from abusing the judicial process. (*Hazel Crest Federation of Teachers v. Board of Education of School District 152½* (1990), 206 Ill. App. 3d 69, 79; *Valinsky*, 202 Ill. App. 3d at 522.) The trial court's decision regarding the assessment of attorney fees is entitled to great weight, and a court of review will not disturb that determination unless there is a clear showing that the trial court abused its discretion. *Beno*, 186 Ill. App. 3d at 365.

McNew contends that both the complaint and the amended complaint had no basis in fact. These pleadings alleged, in part, that McNew owned a portion of the property on which the "landfill" was located and plaintiff was injured. McNew contends that not only was this allegation false, but plaintiff was aware of its falsity when he filed his complaint. In support, defendant cites to the accident reports initiated by plaintiff after his injury wherein plaintiff indicated that the accident occurred in Gilberts, Illinois, at the unauthorized fill on the Reimer property. McNew also cites to an affidavit filed by plaintiff in response to a motion for summary judgment filed by Reimer. Reimer claimed that he owed no duty to plaintiff because plaintiff was a trespasser. In his affidavit, plaintiff stated that he met with Reimer

at the landfill site on July 23, 1985, one week prior to the accident. Plaintiff stated that he personally spoke with Reimer on that date and requested his permission to return to the landfill; Reimer allegedly consented. McNew notes that plaintiff did not seek his permission to enter the landfill, thus indicating that plaintiff was aware of who owned the property even prior to his fall.

Plaintiff responds that the allegation concerning ownership was not a knowing misstatement of fact and, when combined in the alternative with allegations regarding negligent control, maintenance or use of land, was a good-faith theory of law. In support, plaintiff cites to case law indicating that a party who creates a dangerous condition will not be relieved of liability merely because that party does not own or possess the premises upon which the dangerous condition exists. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 324.) However, plaintiff admits that it was not until after he filed the complaint that he attempted to discover the ownership of the landfill and whether any of the defendants had deposited fill materials on each other's property. Section 2—611 imposes upon both client and counsel the duty to make a reasonable inquiry into the facts to support a legal claim before pleadings are filed, not after they are filed. (*Valinsky*, 202 Ill. App. 3d at 522; *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 622-23.) Here, it is clear that neither plaintiff nor his counsel made a reasonable factual inquiry to support the complaint or the amended complaint. Consequently, the trial court erred in finding that the original complaint was properly made.

Next, we consider the amount to be awarded to McNew as a result of the improperly filed pleadings. McNew argues that the trial court erred in awarding him only $950 of his requested $5,325 because plaintiff did not deny, refute, or challenge McNew's itemized schedule of fees. The schedule proposed by McNew set forth only those fees incurred subsequent to December 27, 1987, in accordance with the trial court's order. In awarding McNew $950, the trial court disallowed the fees incurred as a result of the section 2—611 petition and the original appeal. We find that in so ruling the trial court abused its discretion.

Section 2—611 provides that, where a pleading is filed in violation of the section, the court shall impose an appropriate sanction, which may include an order to pay to the other party "the amount of the reasonable expenses incurred because of the filing of the pleading, *** including a reasonable attorney's fee." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) This language clearly encompasses all resulting expenses, including attorney fees and expenses incurred as a result of

prosecuting a section 2—611 petition. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 26-28.) Here, it was plaintiff's false allegations that prompted the section 2—611 petitions and the subsequent appeals. Consequently, we find that plaintiff should be taxed for the fees incurred in litigating the section 2—611 issues. This includes not only the prior appeal, but the present appeal as well. Under section 2—611, a prevailing party may recover the fees and expenses it is forced to incur on appeal as a result of the baseless lawsuit. *Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 675.

■ Plaintiff contends that McNew is not entitled to recover the cost of the appeals because it was McNew who brought both appeals. Plaintiff contends that an award of appellate fees is limited to the situation where the party bringing the appeal is the same party who made the untrue statement in the trial court and the party taking the appeal has remained stubbornly litigious, causing the other party additional unnecessary expense for which it is entitled to reimbursement. (*Schroeder v. Busenhart* (1971), 133 Ill. App. 2d 180, 183.) We disagree. It was the baseless lawsuit which initiated the costs in the case at bar, and it was the trial court's incorrect ruling which forced McNew to the appellate court. We find that the expenses incurred on appeal resulted from plaintiff's improperly filed complaint, and thus the expenses are recoverable under section 2—611.

Plaintiff cites to *Darnall v. City of Monticello* (1988), 168 Ill. App. 3d 552, 557, stating: "No supreme court rule provides for the imposition of fees and costs on a party as the result of an unwarranted appeal." First, we note that the proposition stated in *Darnall* is no longer the law. Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)) provides that appropriate sanctions may be imposed where an appeal is frivolous or is filed for an improper purpose. (*Harris v. Harris* (1990), 196 Ill. App. 3d 815, 830.) However, neither *Darnall* nor Supreme Court Rule 375(b) is applicable to the matter before us. Both *Darnall* and Supreme Court Rule 375(b) apply to frivolous appeals (see *Wiley v. Howard* (1989), 180 Ill. App. 3d 721, 724) and do not address the question of well-taken appeals of a baseless or frivolous lawsuit.

The appeal here is not unwarranted. Rather, it was the result of the unwarranted lawsuit and, as such, is clearly covered under the purview of section 2—611. We note that this is not a case where, on appeal, the party seeks for the first time the imposition of sanctions. McNew's petition for sanctions was filed in the trial court. The trial court improperly limited McNew's award, and we are reversing the

judgment of the trial court. We find our authority to do so under section 2—611, not Supreme Court Rule 375(b).

In addition, we have found that both the original complaint and the amended complaint were filed without a reasonable inquiry into the facts. The allegations made in the complaints were the cornerstone of the entire baseless lawsuit. (*Dayan*, 126 Ill. App. 3d at 23-24.) Thus, the expenses and fees incurred in defending the suit were incurred by reason of the unsupported pleadings, and an isolated focus on each reimbursable component as urged by plaintiff is not necessary. *G.M. Sloan Mosaic & Tile Co. v. Newman/Lustig & Associates* (1990), 199 Ill. App. 3d 518, 523.

■ Finally, we consider McNew's contention that the trial court erred in denying him fees for his personal time spent in defending the suit. McNew cites to no case in support of his proposition; instead, he relies on the language of the statute which provides that "reasonable expenses" incurred as a result of the improperly filed pleading, "including a reasonable attorney's fee," may be recoverable (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

We do not read the phrase "reasonable expenses" so broadly. Rather, we find that the expenses intended to be covered under section 2—611 are limited to court-type litigation costs and attorney fees. (See *In re Marriage of Hartian* (1988), 172 Ill. App. 3d 440, 454.) Thus, under our reading of the statute McNew is not permitted to recover his individual costs for his personal time expended in defending the case.

In summary, we reverse the trial court's judgment to the extent that it limited McNew's award of attorney fees from the time the response to admit facts was filed on December 27, 1987, to August 8, 1988, the date plaintiff voluntarily withdrew its amended complaint. We find that fees should have been awarded from the date the complaint was originally filed up to and including the present appeal. However, we find that defendant is not entitled to recover costs for his personal time. Accordingly, we remand this cause to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

REINHARD, P.J., and UNVERZAGT, J., concur.