THE VILLAGE OF LAKE IN THE HILLS, Plaintiff-Appellee, v. ROBERT HAIN, Defendant-Appellant (Unknown Owners, Defendant).

Second District   No. 2—91—0347

Opinion filed December 6, 1991.

Michael E. Coppedge, of Cowlin, Ungvarsky, Kukla & Curran, of Crystal Lake, for appellant.

Richard Flood and Valeree D. Marek, both of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The defendant, Robert Hain, appeals from the judgment of the circuit court of McHenry County entered on a jury verdict awarding him $71,000 as just compensation for the plaintiff's condemnation of defendant's property. The sole issue the defendant raises on appeal is whether the trial court erred in barring the defendant, as owner of the property, from testifying as to his opinion of the property's value.

The following facts are relevant to the disposition of this appeal. On February 5, 1990, the plaintiff, the Village of Lake in the Hills, filed its eminent domain complaint seeking to condemn property owned by the defendant. The defendant in turn filed a traverse and motion to dismiss. The plaintiff subsequently filed an amended complaint, and the court denied the defendant's traverse and motion to dismiss.

The jury returned a just compensation verdict on January 25, 1991, in the amount of $71,000. On January 31, 1991, the defendant filed, pursuant to section 2—1202 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1202), a motion for a new trial wherein he asked the trial court to set aside the jury verdict and grant him a new trial. On February 7, 1991, the plaintiff presented its motion for entry of judgment on the January 25, 1991, jury verdict. Pursuant to that motion, on February 7, 1991, the court signed a "judgment order" which entered judgment on the verdict and directed that plaintiff deposit the sum awarded by the verdict with the

treasurer of McHenry County as just compensation for the condemned property, and, upon such deposit with the treasurer, that fee simple title to the property vest in the plaintiff. There is nothing else in the record to establish the court entered judgment on the verdict prior to February 7, 1991. Thereafter, on March 5, 1991, the court denied the defendant's motion for a new trial. On March 25, 1991, the defendant filed his notice of appeal. That notice states the plaintiff is appealing from the February 7, 1991, judgment as well as the trial court's previous denial of his traverse and motion to dismiss.

While the plaintiff has not raised the propriety of the steps taken by the defendant to perfect this appeal, we may do so. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.) As a reviewing court, we have a duty to consider our jurisdiction and to dismiss the appeal if we determine that jurisdiction is lacking. *Ferguson*, 111 Ill. 2d at 440.

■ We begin our analysis by looking to Supreme Court Rule 303(a), which provides in pertinent part that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).) It is clear in this case that the March 25, 1991, notice of appeal was not filed within 30 days of the February 7, 1991, order entering judgment on the verdict. Thus, the only possible source of our jurisdiction is if the January 31, 1991, motion for a new trial, which was not denied until March 5, 1991, constitutes a timely post-trial motion directed against the judgment within the meaning of Rule 303(a).

■ Section 2—1202(c) of the Code, which governs post-trial motions in civil jury cases, requires that post-trial motions "must be filed within 30 days *after* the entry of judgment or the discharge of the jury, if no verdict is reached." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1202(c).) Here, the defendant's motion for a new trial was filed *before* judgment was entered. As such, the defendant's post-trial motion was neither timely nor directed against the judgment, both of which are required to invoke the tolling provisions of Rule 303(a).

This conclusion is consistent with the supreme court's decision in *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536. In that case, the trial court granted the plaintiff's motion for summary judgment on August 30, 1982, but did not sign and file a formal order granting summary judgment until October 6, 1982. Prior to the court

entering its formal order, the defendant filed a motion to reconsider the granting of summary judgment on September 20, 1982, which was denied on December 30, 1982. The defendant then filed his notice of appeal on January 28, 1983. *Barth*, 103 Ill. 2d at 538.

The *Barth* court held that the September 20 motion to reconsider was not timely within the meaning of Rule 303(a) as it was filed prior to the October 6 entry of judgment. (*Barth*, 103 Ill. 2d at 538-39.) Consequently, the January 28, 1983, notice of appeal, filed more than 30 days after the October 6, 1982, judgment was entered, did not vest the appellate court with jurisdiction. *Barth*, 103 Ill. 2d at 539.

■ Here, as in *Barth*, the judgment was not entered until February 7, 1991, after the motion for a new trial had been filed. The fact that the judgment entered here was on a jury verdict does not distinguish *Barth*. In that regard, we note that the jury verdict was not a "judgment" as that term is used in Rule 303(a). (See *Gilman v. Kessler* (1989), 192 Ill. App. 3d 630, 638-39.) Furthermore, section 2—1201(b) of the Code requires that the court promptly enter judgment on the verdict (Ill. Rev. Stat. 1989, ch. 110, par. 2—1201(b)). The record does not demonstrate that judgment was entered prior to February 7, 1991. Nor is there any suggestion why judgment was not entered before that time.

■ Because Rule 303(a) and *Barth* require that the post-trial motion be filed after the entry of the judgment to toll the 30-day period for filing a notice of appeal, the defendant's motion for a new trial in this case was not timely. Absent a timely post-trial motion directed against the judgment, the notice of appeal filed on March 25, 1991, was untimely as it was filed more than 30 days after the judgment entered on February 7, 1991. Consequently, we are without jurisdiction to consider an appeal from the February 7, 1991, judgment.

The appeal is therefore dismissed.

Appeal dismissed.

DUNN and UNVERZAGT, JJ., concur.