BIRD GILKEY, Plaintiff-Appellant, v. ERWIN SCHOLL, Defendant-Appellee (Alfred Scholl Mason Contractors, Inc., *et al.*, Defendants).

Second District   No. 2—91—0812

Opinion filed June 10, 1992.

WOODWARD, J., concurring in part and dissenting in part.

Hugh R. Mainard and Curtis S. Burke, both of Fritzshall & Gleason, of Chicago, for appellant.

Lewis W. Terlizzi and Daniel E. Compton, both of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Bird Gilkey, appeals from an order of the circuit court of Kane County which granted sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) in favor of defendant, Erwin Scholl. We dismiss the appeal as the order appealed from was not final and appealable, and we impose sanctions.

On May 11, 1990, plaintiff filed his complaint against Alfred Scholl Mason Contractors, Inc. (Alfred Scholl), and Ron Jones Electric, Inc. (Ron Jones). Plaintiff alleged that, as a result of the defendants' negligent acts, plaintiff was injured on May 26, 1988, when he tripped and fell in the parking lot while on his way to work at U.S. Can Company in Elgin, Illinois. Alfred Scholl and Ron Jones each filed an answer to the complaint.

An order was subsequently entered on October 23, 1990, which stated that the motion to dismiss of Alfred Scholl was granted. The order also stated that Ron Jones remained as a defendant in the action. The same day, plaintiff was granted leave to file an amended complaint. On November 21, 1990, plaintiff filed an amended complaint which named "Rudolph F. Scholl and/or Erwin Scholl" as defendants. Only Erwin was served with summons. Defendant filed a motion to dismiss on December 21, 1990. He argued that the action against him should be dismissed pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)) as it was not filed within the two-year statute of limitations applicable to a personal injury action. An agreed order dismissing plaintiff's claim against defendant was entered on February 8, 1991.

On February 25, 1991, defendant filed a motion seeking sanctions against plaintiff pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). In his motion, defendant alleged that it was evident from the pleadings in the case that plaintiff made no reasonable inquiry prior to filing the action against defendant. Defendant attached a letter from plaintiff's attorney to the motion to demonstrate that "any meaningful investigation was done after the motion to dismiss was filed." Also attached to the motion was an itemized statement showing the time spent and work performed by defendant's attorneys on the case. The total amount for services performed and costs shown was $1,398.

Plaintiff filed a statement in opposition to the motion for sanctions on April 23, 1991. Plaintiff stated that the deposition of Alfred Scholl was taken on September 11, 1990. Plaintiff further stated:

"4. That at that time, ALFRED SCHOLL testified that his firm was not engaged in any way in the construction project at the scene where the Plaintiff was injured. Addressing the possibility of misnomer, ALFRED SCHOLL, testified that he had two brothers that were also in the contracting business, ERWIN SCHOLL and RUDOLPH F. SCHOLL, and stated their names and addresses and the type of business that they were engaged in. \*\*\*

5. On October 23rd, 1990, based on the testimony of ALFRED SCHOLL, Plaintiff did not contest the dismissal of the cause of action against ALFRED SCHOLL, and immediately sought leave to file an amended complaint based on any possible misnomer or fraudulent concealment of the identity of the Defendant. Plaintiff's Amended Complaint was filed on November 21st, 1990, adding Erwin R. Scholl and Rudolph F. Scholl as Defendants based on Plaintiff's good faith belief that a truck with the name Scholl Contractors existed on the job at the time the Plaintiff was injured. This existence had been related by a co-worker of the Plaintiff.

6. Subsequent thereto, Defendant ERWIN SCHOLL filed a Motion to Dismiss based on the two year statute of limitations having run.

7. Thereafter, Plaintiff's counsel pursued further investigation to determine the identity and testimony of the co-worker who previously told Plaintiff of the existence of a Scholl vehicle on the job site. Plaintiff's co-worker refused to testify and denied ever having seen such van. Based thereon, on February 8, 1991, after certain continuances of Defendant's Motion to Dismiss, Plaintiff agreed to the entry of an order dismissing Plaintiff's cause of action against ERWIN SCHOLL based on the inability to prove misnomer or fraudulent concealment. Plaintiff did this agreeably so as to avoid the additional expenditure of time by Defendant, ERWIN SCHOLL's counsel."

The statement filed by plaintiff did not contest the amount, necessity or reasonableness of the attorney fees requested.

A hearing was held regarding defendant's motion for sanctions on June 18, 1991, and an order was entered the same day. The court found that plaintiff failed to make a reasonable inquiry to determine if defendant was a proper defendant in the case before naming him as a party. The court ordered plaintiff and his attorneys to pay defendant and defendant's attorneys $2,029 in attorney fees and costs.

Subsequently, on July 2, 1991, Ron Jones filed a motion for summary judgment alleging that it did not do any work on the jobsite where plaintiff was injured until after the date of the injury. On July 19, 1991, plaintiff filed his notice of appeal from the June 18, 1991, order awarding sanctions. On August 6, 1991, the court entered an order granting Ron Jones' motion for summary judgment.

The sole issue raised by plaintiff in his brief is whether the trial court abused its discretion in granting defendant's motion for sanctions pursuant to Supreme Court Rule 137. He argues that sanctions were not warranted under these circumstances and also contends that the record shows that defendant failed to meet his burden to establish the reasonableness of the attorney fees requested. We conclude that we do not have jurisdiction over this appeal, and we dismiss the appeal.

We have a duty as an appellate court to consider our jurisdiction and to dismiss the appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440; *Village of Lake in the Hills v. Hain* (1991), 222 Ill. App. 3d 88, 90.) We initially note that plaintiff did not include a statement of jurisdiction in his brief, a mandatory requirement of Supreme Court Rule 341(e) (134 Ill. 2d R. 341(e)(4)(ii)). We have noted that the purpose of requiring a party to include a jurisdictional statement is to "provoke counsel to make an independent determination of the right to appeal *before* writing the briefs." (Emphasis in original.) (*In re Marriage of Ruchala* (1991), 208 Ill. App. 3d 971, 976; see also *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, 791-92.) This cause provides an illustration of the importance of the jurisdictional statement as plaintiff should have made his own determination that jurisdiction was lacking.

Here, the order appealed from was entered on June 18, 1991. At the time this order was entered, plaintiff's claim against Ron Jones was still pending. Therefore, the order was not final as it did not finally adjudicate all of the claims of the parties. (See *Pettie v. Williams Brothers Construction, Inc.* (1991), 216 Ill. App. 3d 801, 803.) In order for the order to be appealable, a finding "that there is no just reason for delaying enforcement or appeal" pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) was necessary. The order included no such finding. We therefore do not have jurisdiction over this appeal. We additionally note that the notice of appeal plaintiff filed was not only ineffective because the order appealed from was not final but also was untimely. The notice of appeal was filed July 19, 1991, 31 days after the entry of the order.

Although the appeal must be dismissed, there is an issue which we must address. Defendant, in his brief, has requested that he be awarded the attorney fees and expenses he incurred in this appeal. We initially note that we have jurisdiction to decide the question of sanctions even though we have dismissed the appeal. (*Kennedy*, 197 Ill. App. 3d at 788.) As we stated in *Kennedy*:

> " 'Our inherent jurisdiction to condemn and punish the abusive conduct of litigants and their attorneys who appear before us is separate and apart from our jurisdiction to adjudicate the merits of their claims. In the exercise of our inherent jurisdiction we may, of course, inform ourselves of the nature and extent of apparent misconduct and we may condemn it as abusive. Our condemnation is not the exercise of our jurisdiction over the merits; it is an exercise of our inherent jurisdiction. That some issue may be common to both bases of jurisdiction does not preclude this court from exercising either independently or both simultaneously.' " *Kennedy*, 197 Ill. App. 3d at 788, quoting *Trohimovich v. Commissioner of Internal Revenue* (9th Cir. 1985), 776 F.2d 873, 875.

See also *Willy v. Coastal Corp.* (1992), 503 U.S. ___, ___, 117 L. Ed. 2d 280, 288-89, 112 S. Ct. 1076, 1080-81.

■ We agree with defendant that sanctions pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)) are warranted under these circumstances. Supreme Court Rule 375(b) allows this court to impose an appropriate sanction upon a party or the party's attorney if "it is determined that the appeal itself is frivolous, or that an appeal was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose." (134 Ill. 2d R. 375(b); *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 880.) An "appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.* (1990), 203 Ill. App. 3d 304, 312, citing 134 Ill. 2d R. 375(b); *Kennedy*, 197 Ill. App. 3d at 791.

■ In this cause, the statement filed by plaintiff established that plaintiff's co-worker who supposedly observed a truck with the name "Scholl Contractors" was not contacted prior to filing the amended complaint. There was no investigation of plaintiff's cause of action against defendant until *after* defendant's motion to dismiss was filed. It is well established that both client and counsel have a "duty to make a reasonable inquiry into the facts to support a legal claim *be-*

*fore* pleadings are filed, not after they are filed." (Emphasis added.) (*Beno v. McNew* (1991), 213 Ill. App. 3d 720, 727.) When such a reasonable inquiry is not made, sanctions are clearly warranted. See *Beno*, 213 Ill. App. 3d at 727-28 (sanctions should have been awarded pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), now superseded by Supreme Court Rule 137 (134 Ill. 2d R. 137)).

It is beyond dispute that the amended complaint was filed well after the statute of limitations applicable to plaintiff's cause of action had run and that neither plaintiff nor his counsel made a reasonable factual inquiry prior to amending the complaint and naming defendant as a party. It would have been readily apparent to a reasonable, prudent attorney that there was no basis for an appeal challenging the imposition of sanctions pursuant to Rule 137.

In addition, plaintiff's challenge on appeal to the amount of fees awarded is patently frivolous. This issue could not have been addressed on appeal because it appears that the issue was not raised in the trial court. Also, plaintiff failed to include a report of proceedings or bystanders' report of the hearing held regarding defendant's motion for sanctions. It is incumbent upon plaintiff, as appellant, to present a record of the proceedings showing the errors of which he complains. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92; *Waitcus v. Village of Gilberts* (1990), 199 Ill. App. 3d 102, 107.) It cannot be determined from this record whether defendant presented adequate proof of the reasonableness of the fees requested.

Finally, the appropriateness of sanctions here is bolstered by the fact that plaintiff failed to include a jurisdictional statement in his brief, attempted to appeal from a nonfinal order and filed his notice of appeal 31 days after the order was entered.

We therefore direct defendant to file a statement of reasonable expenses and attorney fees incurred as a result of this appeal within 14 days. Plaintiff and his attorneys shall have seven days to file a response. This court will thereafter file an order determining the amount of the sanctions which will be imposed upon plaintiff and his attorneys. See *Singer*, 217 Ill. App. 3d at 880-81; *Dreisilker*, 203 Ill. App. 3d at 312-13.

Appeal dismissed; sanctions imposed.

UNVERZAGT, J., concurs.

JUSTICE WOODWARD, concurring in part and dissenting in part:

I agree that the appeal in this case should be dismissed because this court lacks jurisdiction due to the lack of a final order. However, I disagree with the decision to allow attorney fees to the defendant in this cause.

The defendant in this cause requested fees on this appeal on the basis that the plaintiff had filed a frivolous appeal. Neither party to this appeal bothered to verify the existence of this court's jurisdiction even though a jurisdictional statement is required in every appeal. (134 Ill. 2d R. 341(e)(4)(ii).) Instead, this court on its own motion raised the question of jurisdiction. This fact distinguishes *Kennedy v. Miller* (1990), 197 Ill. App. 3d 785, from the case at bar for in *Kennedy* the appellee filed a motion to dismiss the appeal and sought sanctions based upon a lack of appellate jurisdiction.

It is certainly appropriate under Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)) to impose sanctions where a frivolous appeal has been filed. However, to reward sanctions to the defendant in this cause, who failed to raise a clear lack of jurisdiction, would be condoning an inattention to our supreme court rules and an invitation to allow practitioners to be rewarded for time and money spent on an appeal he should have known would ultimately be dismissed.

Furthermore, since defendant failed to recognize the absence of appellate jurisdiction in this appeal, how will the sanctions for fees and expenses be determined? Defendant's brief makes no reference to the analysis required by Supreme Court Rule 375(b).