2021 IL App (2d) 200569-U
No. 2-20-0569
Order filed June 7, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF SUZANNE WALLACE, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 15-D-147 |
| WILLIAM WALLACE, III, | ) ) ) | Honorable Ronald A. Barch, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Appellate Court affirmed the judgment of the trial court. The appellant's contentions had to be forfeited for failing to cite any relevant supporting authority. Forfeiture being a limitation on the parties but not the court, the Appellate Court held that the trial court did not abuse its discretion in failing to make the modification of the child support order retroactive to the date that respondent filed his petition for modification.

¶ 2    Respondent, William Wallace, III (Buddy), appeals an order of the circuit court of Boone County granting his petition to modify child support but declining to make the modification retroactive to the date that he filed the petition. Because Buddy forfeited his arguments for failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), we affirm the judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The parties were married on September 4, 2004. Two children were born during the marriage: William IV, who was born on September 29, 2006, and Madelyn, who was born on September 1, 2008. On September 7, 2010, the parties' marriage was dissolved. Suzanne became the residential parent, and Buddy was given liberal visitation. Buddy's child support obligation was fixed pursuant to the law in effect in 2010. Suzanne then remarried and moved with the children from Lake County to Capron, Illinois. The postdecree matters were heard in Boone County.

¶ 5     On December 5, 2019, Judge John H. Young granted Buddy's petition for modification of parental responsibilities and "flipped" primary parenting time from Suzanne to Buddy. Judge Young ordered that the children attend school in Crystal Lake, Illinois, where Buddy resided, beginning in the fall of 2020. Judge Young also entered a "Parenting Plan Order" providing that, commencing in the fall of 2020, a new parenting schedule was to take effect.

¶ 6     On December 10, 2019, Buddy filed a petition to modify child support, alleging that the change in parental responsibilities constituted a substantial change in circumstances. At the hearing on his petition, Buddy testified that he would not have a precise budget until the new parenting schedule took effect in August 2020, when the children would begin living with him and attending school in Crystal Lake. The parties stipulated that Suzanne's child support obligation would be $1462 per month. Because Suzanne received yearly bonuses in varying amounts, the parties agreed to exchange yearly financial information to "true-up" the amount of child support due. The parties also testified at length to the children's participation in extracurricular activities, which evidence is not pertinent to this appeal. In closing arguments, Buddy contended that Suzanne's child support

obligation should be retroactive to the date he filed his petition for modification. Suzanne argued that retroactivity was not warranted.

¶ 7    When Buddy filed his petition to modify support in December 2019, the law had substantially changed from 2010. In 2010, Buddy, as a noncustodial parent with two children, was ordered to pay 28% of his net income as child support to Suzanne. 750 ILCS 5/505(a)(1) (West 2010). Buddy was paying Suzanne $1527 per month.

¶ 8    We digress here, because in 2017, the legislature drastically changed the support guidelines in the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/505 (West 2018); *In re Marriage of Connelly*, 2020 IL App (3d) 180193, ¶ 16. An overview of those changes relevant to our facts is necessary to understand the issues raised in this appeal. The new guidelines provide for an award of child support based upon an income-shares model, which considers both parents' income. *Connelly*, 2020 IL App (3d) 180193, ¶ 16. Courts must now calculate the basic support obligation by determining the parents' combined monthly net income and then calculating each parent's percentage share of the basic support obligation. 750 ILCS 5/505(a)(1.5) (West 2018); *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 18. Pursuant to section 505(a)(1.5), courts compute the basic child support obligation by following four steps: (1) determine each parent's monthly income, (2) add the parents' monthly income together, (3) select the corresponding appropriate amount from the schedule of basic child support obligations based on the parties' monthly combined net income and the number of children, and (4) calculate each parent's percentage share of the basic child support obligation. 750 ILCS 5/505(a)(1.5) (West 2018).

¶ 9    Section 505(a)(1) of the Act provides that the Illinois Department of Healthcare & Family Services (HFS) shall adopt rules establishing child support guidelines, which include worksheets to aid in the calculation of child support and a schedule of basic child support obligations that

reflect the percentage of combined net income that parents living in this state ordinarily spend on their child. 750 ILCS 5/505(a)(1) (West 2018). To that end, HFS has promulgated extensive schedules and tables available on its website.

¶ 10 On August 26, 2020, Judge Ronald A. Barch issued his written decision on Buddy's petition to modify child support. He found that the December 5, 2019, order flipping primary parenting time from Suzanne to Buddy was a substantial change in circumstances. The court also found that the December 5 order did not take effect until the fall of 2020. The court found that the parties stipulated that, under the revised parenting plan, Suzanne's child support obligation would be $1462 per month and, to accommodate Suzanne's yearly bonuses, the parties agreed to exchange yearly financial information to "true-up" the amount of child support due. The court ordered Buddy's child support obligation to end on August 14, 2020, and Suzanne's to begin on August 15, 2020. The court denied Buddy's request to make Suzanne's child support obligation retroactive to the date that he filed his petition (December 10, 2019), because (1) Judge Young had intended that his revised parenting order would take effect in the fall of 2020, (2) Buddy admitted that he would not feel the financial impact of the new schedule until the children began living with him in the fall of 2020, (3) no change in the existing parenting schedule would occur until the fall of 2020, and (4) Buddy's abstruse calculations of the number of overnights he would have with the children demonstrated the difficulties in arriving at a retroactive support obligation. Judge Barch entered his final order on September 2, 2020. Buddy filed a timely notice of appeal.

¶ 11                                II. ANALYSIS

¶ 12 Buddy contends that (1) the court abused its discretion in declining to make Suzanne's child support obligation retroactive to the filing of his petition on December 10, 2019, and (2) the court deviated from the guidelines in ordering Suzanne's support obligation to commence in

August 2020 without making written findings justifying the deviation. The trial court has discretion to determine the appropriate amount of child support, and we will not reverse that determination absent an abuse of discretion. *In re Marriage of Gabriel & Shamoun*, 2020 IL App (1st) 182710, ¶ 56.

¶ 13　　Before we can even consider the merits of Buddy's contentions, we are constrained to discuss his failure to comply with the requirements of our supreme court rules governing the preparation of briefs. Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019) requires the appellant to include in his brief an appendix with, among other things, a copy of the judgment appealed from, pleadings or other materials from the record that are the basis of the appeal or pertinent to it, any opinion, memorandum, or findings of fact entered by the trial judge, and the notice of appeal. The appendix must also contain the names of all witnesses and the pages on which their direct, cross, and redirect examinations begin. Unfortunately, Buddy's appendix fails in each of these respects. Additionally, materials not taken from the record may not be included in the appendix. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 32. Here, Buddy includes a worksheet in the appendix that is not part of the record and was not considered by the trial court. When a brief or appendix fails to comply with supreme court rules, we can dismiss the appeal. *Prawdzik v. Board of Trustees of Homer Township Fire Protection District Pension Fund*, 2019 IL App (3d) 170024, ¶ 34. Rather than dismiss this appeal, we will disregard the inappropriate material. See *Oruta*, 2016 IL App (1st) 152735, ¶ 32 (the reviewing court may strike the brief or disregard the inappropriate material.)

¶ 14　　Next, we must address violations of Illinois Supreme Court Rule 341 (Oct. 1, 2020). Rule 341 governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with these procedural rules is mandatory. *McCann*, 2015 IL App (1st) 141291,

¶ 12. Rule 341 is not an arbitrary exercise of our supreme court's supervisory powers, but its purpose is to ensure that the reviewing court can properly ascertain and dispose of the issues involved. *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 20.

¶ 15    Rule 341(h)(3) requires the appellant to include a concise statement of the applicable standard of review for each issue, with citation to authority. *Hall v. Naper Gold Hospitality*, 2012 IL App (2d) 111151, ¶ 10. Here, Buddy includes standards of review without any citation whatsoever to authority.

¶ 16    Rule 341(h)(4) requires a statement of jurisdiction. Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020). The statement of jurisdiction should, at a minimum, set forth the necessary dates and other information to allow someone unfamiliar with the case to assess whether the appellate court has jurisdiction. *Waitcus v. Village of Gilberts*, 185 Ill. App. 3d 248, 252 (1989). Here, Buddy's jurisdictional statement includes the date that the final order was entered, and it recites that we have jurisdiction pursuant to Illinois Supreme Court Rule 303, but it does not include the date that the notice of appeal was filed. The purpose of the jurisdictional statement is not merely to tell us that we have jurisdiction, but to provoke counsel to make an independent determination of the right to appeal before writing the brief. *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 791 (2000).

¶ 17    Rule 341(h)(7) requires that the appellant's arguments contain citations to authorities in support of his arguments and contentions. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here, Buddy sets forth two contentions: (1) the modification of support should have been retroactive to the date he filed his petition to modify and (2) by failing to make the modification retroactive, the court deviated from the guidelines without making written findings. While Buddy notes that the court cited *Brandt v. Brandt*, 99 Ill. App. 3d 1089 (1981), for the general proposition that the trial court has discretion whether to make a modification of child support retroactive, and then attempts to

distinguish *Brandt* factually, *Brandt* does not support either of Buddy's contentions. Buddy also cites *Vance v. Joyner*, 2019 IL App (4th) 190136, for the general proposition that a trial court deviating from the guidelines must make written findings specifying the reasons for the deviation. However, *Vance* does not speak to Buddy's contention that the court in our case, by failing to make the modification retroactive, deviated from the guidelines. In sum, Buddy has not constructed a cogent legal argument supported by any relevant authority. Failure to cite authority may result in forfeiture of the issues raised on appeal. *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 20. It is well settled that the appellate court is not a depository into which the appellant can dump the burden of argument and research. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. In the absence of a clearly developed legal argument, reviewing courts will not act as an advocate or seek error in the record. *In re N.F.*, 2020 IL App (1st) 182427, ¶ 30. Where a party fails to cite relevant supporting authority, he or she fails to fulfill the requirements of Rule 341(h)(7). *In re Marriage of Moorthy & Ajuna*, 2015 IL App (1st) 132077, ¶ 75. Accordingly, and unfortunately, we are constrained to deem Buddy's arguments forfeited. See *International Union of Operating Engineers Local 965 v. Illinois Labor Relations Board, State Panel*, 2015 IL App (4th) 140352, ¶ 20 ("a party forfeits review of an issue on appeal by failing to support its argument with citation to authorities.")

¶ 18    Nevertheless, forfeiture is a limitation on the parties and not on the appellate court. *Jill Knowles Enterprises v. Dunkin*, 2017 IL App (2d) 160811, ¶ 22. The reviewing court can overlook forfeiture and address the merits when it is necessary to obtain a just result or to maintain a sound and uniform body of precedent. *Jill Knowles*, 2017 IL App (2d) 160811, ¶ 22. Here, we choose to overlook forfeiture with respect to Buddy's argument that the modification should have been made retroactive to the date that he filed the petition as necessary to obtain a just result. According to

the court's memorandum of decision, Buddy admitted that the parenting schedule from January 2020 through August 2020 is the same parenting schedule that was in place for January 2019 through August 2019. We also note that neither party appealed Judge Young's order delaying the effective date of the change. As no change in the parenting schedule would occur until the fall of 2020, we cannot say that the court abused its discretion in declining to make the modification retroactive.

¶ 19    We also address deficiencies in Suzanne's brief. She simply string cites four cases in support of her argument that the court's exercise of discretion in determining retroactivity has never been deemed a deviation from the guidelines, leaving this court to research those cases and surmise at their applicability. Issues that are ill-defined and insufficiently presented violate the requirements of Rule 341(h)(7). *Beaman v. Freesmeyer*, 2019 IL App (4th) 160527, ¶ 124. We remind all counsel that supreme court rules are not mere suggestions but have the force of law. *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 16.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 22    Affirmed.