2025 IL App (2d) 240659-U
No. 2-24-0659
Order filed November 21, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* ESTATE OF CASSIM K. IGRAM, Deceased | ) ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| | | No. 22-PR-133 |
| (Lamar C. Chapman, III, Claimant-Appellant, v.) Estate of Cassim K. Igram, Respondent-Appellee). | ) ) ) | Honorable Donna-Jo Vorderstrasse Judge, Presiding. |

_____

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying appellant's motion to quash citation to discover assets and information as moot where the administrator voluntarily discharged the citation; the trial court did not err in denying appellant's motion for Rule 137 sanctions where there was a reasonable legal basis for issuance of the citation, and no evidence that the citation was issued in bad faith; the trial court did not err in dismissing appellant's claim against the estate as time barred where appellant filed his claim over two years after decedent's death nor did it err in striking appellant's motion for summary judgment following the dismissal of appellant's claim with prejudice; and the trial court did not err in denying appellant's petition to impeach the administrator of the estate where appellant's claim that she was ineligible to serve as administrator of the estate due to not being a U.S. citizen was unsubstantiated by evidence. Affirmed.

¶ 2    Lamar C. Chapman, III appeals from the trial court's judgment dismissing his claims

against the Estate of Cassim K. Igram as time-barred under section 18-12 of the Probate Act (755

ILCS 5/18-12 (West 2022)) and striking his motion for summary judgment; the trial court's denial of his petition for impeachment and revocation of letters of administrator [*sic*] for Surriah Igram; the trial court's denial of his motion to quash citation to discover assets and information; and denial of his motion for Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions. On appeal, the Independent Administrator of the estate, Surriah Igram, filed a motion for sanctions against Chapman pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). By way of response, Chapman filed a motion to disqualify appellate counsel. Both motions were taken with the case.

¶ 3                                    I. BACKGROUND

¶ 4     Decedent, Cassim K. Igram, died intestate on March 12, 2022. On July 11, 2022, Surriah Igram filed a verified petition for issuance of letters of administration, in which she represented that she was decedent's daughter, she was a U.S. citizen, and she was a permanent resident of Canton, Michigan. The trial court granted Surriah's petition on July 28, 2022, granting her letters of office as independent administrator of the estate. During the administration of the estate, a dispute arose between the estate and decedent's former business partner Judy K. Gray over ownership of several businesses and a home in Lake Forest where decedent and Gray both resided. Throughout the proceedings the administrator caused several petitions to discover assets to be issued to Gray and others relating to decedent's various business ventures. Among these was North American Herb and Spice.

¶ 5     On June 25, 2024, the administrator filed a petition to issue citation to discover assets and information to Chapman. The petition alleged that Chapman had advised decedent and Gray on numerous matters relating to their personal and professional finances, business operations, and assets. The petition also alleged that Chapman likely had detailed documentation and information concerning decedent's assets, entities established to hold title of decedent's assets, and various

legal actions relating to decedent's assets. The petition cites a suit Chapman filed against the IRS in which he asserted that he sent two volumes of records to the IRS relating to the assets of decedent and Gray, which he claimed evidenced extensive tax evasion; that decedent and Gray employed sham companies and trusts to cloud ownership of assets and evade taxation; and that decedent and Gray had purchased millions of dollars' worth of antiques, artwork, and diamonds. *Chapman v. Commissioner of Internal Revenue*, No. 10644-10W (T.C.). The petition additionally cites *United States v. Chapman*, 692 F.3d 822, 823 (7th Cir. 2012), in which Chapman was convicted of forging checks while doing work for Gray and North American Herb and Spice.

¶ 6    The petition sought production of any and all documents and records related to the two abovementioned cases; any and all documents, records, or tax filings related to any assets owned in whole or part by decedent, Gray, or any entity, purported entity, trust or purported trust established by one or both of them; any and all instruments establishing, governing, or otherwise relating to any entity, purported entity, trust or purported trust established by decedent or Gray; and any and all documents relating to North American Herb and Spice. The trial court granted the petition on July 12, 2024, limiting the scope of the documents relating to the two lawsuits to only those documents relating to assets owned by decedent, Gray, or any entity, purported entity, trust, or purported trust established by one or both of them. The citation issued on July 16, 2024.

¶ 7    On August 8, 2024, representing himself, Chapman filed a motion for Rule 137 sanctions and a motion to quash the citation. Both documents contain copious references to conspiracy theories regarding matters and persons outside the underlying case, making Chapman's arguments difficult to understand. What is clear is that Chapman claimed to have acted as a whistleblower against decedent and claimed that the citation to discover assets was retaliatory harassment. He also argued that the trial court lacked personal and subject matter jurisdiction.

¶ 8    On August 22, 2024, the administrator voluntarily discharged the citation to discover assets in light of Chapman's objections. On August 29, 2024, the trial court held a hearing on Chapman's motion to quash and motion for sanctions. The trial court denied the motion to quash as moot in light of the administrator's voluntary discharge of the citation. As for the motion for sanctions, the trial court denied the motion, finding that there was no basis for sanctions because the citation had been authorized by prior order of court and voluntarily withdrawn.

¶ 9    On September 9, 2024, Chapman filed a motion to vacate the trial court's order denying his motion to quash and motion for sanctions. Apart from rehashing his whistleblower arguments, Chapman claimed the trial court was without authority to enter those orders because he had removed the case to federal court (although he claimed to have done so, he had not in fact removed it). Chapman also filed a claim against the estate in the amount of $43,735,149.50 for "Federal Unliquidated Tort Claim for Personal Injury for Whistleblower Retaliation, Failure to Pay Award for Original Information; Failure to Pay U.S. Department o [sic.][…] Any and All Residential and Commercial Real Estate made by straw purchase, illegally transferred over and Concealed, and not listed for its face or ordinary retail value."

¶ 10    On September 12, 2024, the administrator filed a motion to dismiss Chapman's claim against the estate arguing that Chapman's claims against the estate were time barred.

¶ 11    On September 16, 2024, Chapman filed a petition for impeachment and revocation of letters of administrator for Surriah Igram, alleging that she was not a U.S. citizen. On September 24, 2024, Chapman filed a motion for summary judgment on his claim against the estate.

¶ 12    A hearing was held on the pending motions on September 24, 2024. The trial court granted the estate's motion to dismiss finding that Chapman's claims were time barred. The court also struck Chapman's motion for summary judgement. The trial court likewise denied Chapman's

motion to vacate its prior orders, reiterating the bases for those orders. Finally, the trial court denied Chapman's petition for impeachment, finding that Chapman lacked standing, as he was not an interested party, and that he had failed to present evidence that the administrator was not a U.S. citizen.

¶ 13    Counsel for the estate also stated that if Chapman made any additional filings, he intended to seek sanctions for want of good faith, and the trial court advised Chapman that he should consider the possibility of sanctions before making further filings. Chapman timely appealed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, Chapman challenges the trial court's September 24, 2024, order as well as an October 16, 2024, order that struck a hearing date on Chapman's now dismissed claim. Chapman's arguments are mostly incomprehensible, replete with references to persons and proceedings outside the purview of the instant case and for which this court has no context. To the best of our understanding, Chapman claims that the trial court lacked jurisdiction over him because the estate was not lawfully constituted, as the administrator was not a U.S. citizen.

¶ 16    Chapman's arguments are wholly without merit. Regarding Chapman's assertion that the administrator was not a U.S. citizen, Chapman presented no evidence to support this claim. Further, in her verified petition for issuance of letters of administration, Surriah averred that she was a U.S. citizen and permanent resident of Michigan. Notably, the Probate Act requires an administrator to be a U.S. resident, not a citizen. 755 ILCS 5/9-1 (West 2022) ("A person who has attained the age of 18 years, is a resident of the United States, is not of unsound mind, is not an adjudged person with a disability as defined in this Act and has not been convicted of a felony, is qualified to act as administrator.").

¶ 17    As for Chapman's assertion that the trial court lacked jurisdiction over him, Chapman was

personally served with the citation in Hinsdale, Illinois. Further, the Probate Act empowers the court to issue citations on behalf of the estate in order to obtain the return of property belonging to the estate, or to obtain information to recover estate property. 755 ILCS 5/16-1 (West 2022); *In re Joutsen's Estate*, 100 Ill. App. 3d 376, 380 (1981) ("The objectives of a citation proceeding are to obtain the return of personal property belonging to the estate but in the possession of, or being concealed by others, or to obtain information to recover estate property."). Accordingly, the trial court had both personal jurisdiction over Chapman and subject matter jurisdiction. "In order to have a valid judgment the court must have both jurisdiction over the subject matter of the litigation and jurisdiction over the parties." *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989).

¶ 18    Turning briefly to the merits of the trial court's orders, the citation to discover assets and information issued to Chapman was, as stated by the trial court, a discovery vehicle aimed at discovering information regarding potential estate assets. "A trial court's discovery order is usually reviewed for an abuse of discretion." *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 457 (2006). By Chapman's own admission he served as a business advisor to decedent and Gray. The petition for citation to discover assets alleged as much, alongside references to the two lawsuits involving Chapman and the estate's businesses. Accordingly, it was not unreasonable to believe that Chapman might possess information regarding estate assets, and the trial court did not abuse its discretion in issuing the citation. Likewise, it was not an abuse of discretion for the trial court to allow the estate to voluntarily discharge the citation issued against Chapman and to deny his motion to quash as moot.

¶ 19    Regarding Chapman's motion for Rule 137 sanctions, Chapman argued that the petition for citation to discover assets was not well-grounded in law and fact because the trial court lacked jurisdiction due to the administrator not being a U.S. citizen; and that the citation was brought for

an improper purpose, namely as retaliation for Chapman's prior whistleblower claim against decedent. Chapman also claimed the citation he received was counterfeit.

¶ 20    "By its terms, [Rule 137] authorizes the imposition of sanctions against a party or his attorney for filing a pleading, motion, or other paper that is not well grounded in fact and warranted by existing law or which has been interposed for any improper purpose." *In re Marriage of Adler*, 271 Ill. App. 3d 469, 476 (1995). "The decision whether to impose sanctions under Rule 137 is committed to the sound discretion of the circuit judge, and that decision will not be overturned unless it represents an abuse of discretion." *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 21    As discussed, there does not appear to be anything improper about the citation issued to Chapman. Under the circumstances, it was reasonable to believe that Chapman may have information regarding estate assets, and a citation to discover assets and information is an appropriate discovery vehicle in probate proceedings. Additionally, it does not appear that the citation was brought for the purposes of retaliation or harassment. Decedent's children did not appear to hold any ill will towards Chapman, with decedent's son asking Chapman to recommend probate counsel following decedent's death. Similarly, when Chapman filed his motion to quash the citation was voluntarily withdrawn, which does not indicate that the administrator or counsel were trying to harass Chapman. Accordingly, the trial court did not abuse its discretion in denying Chapman's motion for sanctions.

¶ 22    As for the dismissal of Chapman's claim against the estate, a claim against an estate of a decedent must be filed within the time period prescribed by section 18-12 of the Probate Act. 755 ILCS 5/18-12 (West 2022). Except for claims for expenses of administration and surviving spouse's or child's award, "all claims which could have been barred under this Section are, in any

event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18-12 (b) (West 2022). As Chapman's claim was filed more than two years after decedent's death, the trial court dismissed Chapman's claim against the estate as time barred and struck his motion for summary judgment. We review the trial court's dismissal of Chapman's cause of action based on a statute of limitations *de novo. Byline Bank v. Integra Properties, Inc.*, 2021 IL App (1st) 201021, ¶ 8.

¶ 23    Chapman's claim against the estate was clearly filed over two years after decedent's death. Chapman presents no argument as to why his claim should not be barred by section 18-12 of the Probate Act and we find no error in the trial court's dismissal of his claim or the striking of his motion for summary judgment.

¶ 24    Finally, turning to Chapman's petition for impeachment, as we have discussed, Chapman has presented no evidence to suggest that the administrator is not a U.S. citizen, or more pertinently, a U.S. resident. Additionally, the trial court was correct in finding that, following the dismissal of Chapman's claims, he was not an interested party under the Probate Act in that he was not "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative." 755 ILCS 5/1-2.11 (West 2022). Accordingly, the trial court did not err in dismissing Chapman's petition for impeachment.

¶ 25                            III. MOTION FOR SANCTIONS

¶ 26    We turn now to the administrator's motion for sanctions under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). The administrator argues that Chapman's appeal is frivolous and not taken in good faith, and requests that we sanction Chapman. By way of response, Chapman filed

a motion to disqualify appellate counsel, in which he argues that he did not receive proper notice of the motion for sanctions, though he did later obtain a copy of the motion from our Clerk of the Court. Notably, Chapman makes no argument against the administrator's claim that his appeal was frivolous and not in good faith.

¶ 27 Under Rule 375(b), this court has discretion to impose sanctions against any party or the party's attorney if, after considering an appeal, we determine the appeal "is frivolous, *** was not taken in good faith, [or was taken] for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.* The test to determine whether an appeal is frivolous is based upon an objective standard of conduct. *Garlick v. Bloomingdale Twp.*, 2018 IL App (2d) 171013, ¶ 59.

¶ 28 In the instant case, Chapman was served with a citation to discover assets and information based on his knowledge of decedent's business operations from his time spent as a business advisor to decedent and Gray. Chapman (possibly confusing the citation for a post-judgment citation to discover assets under section 1-1402) then filed a motion to quash and motion for Rule 137 sanctions. The administrator then voluntarily discharged the citation to discover assets, and the trial court denied Chapman's motions. This should have been the end of Chapman's involvement in the case. Instead, Chapman proceeded to file a retaliatory claim against the estate (apparently based on Chapman's defunct whistleblower action against the IRS) for over $43,000,000; sought to remove the administrator based on unsubstantiated, xenophobic, and conspiratorial claims that the administrator is not a U.S. citizen; and sought reconsideration of his frivolous sanctions claim. Following the trial court's September 26, 2024, judgment, the administrator indicated that she

intended to seek sanctions against Chapman should he appeal, and the trial court cautioned Chapman against such an outcome. Again, the case should have ended there, but instead Chapman chose to pursue the instant appeal.

¶ 29     As we have discussed, Chapman's appeal is utterly without merit. His brief consists largely of baseless accusations of a vast criminal conspiracy against him by, *inter alia*, several judges and lawyers, including opposing counsel and the trial judge in the underlying case herein. The few cognizable arguments to be gleaned from Chapman's brief fail to address the basis for the trial court's judgment and consist primarily of accusing the administrator of being an "illegal immigrant" without any substantiation. Accordingly, we find Chapman's appeal is frivolous.

¶ 30     Further, we find that Chapman's appeal was not taken in good faith. Chapman, a self-described "Juristician®," [sic] proudly proclaims that the federal courts have described him as a prolific *pro se* litigator. That much appears to be true, though it is not the compliment Chapman takes it as. The United States District Court for the Northern District of Illinois has entered a regulatory injunction to limit Mr. Chapman's ability to file repetitive and frivolous suits. See *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003) (affirming the district court's injunction). In issuing the rule to show cause, which ultimately led to this sanction, the court described Chapman's litigation history as follows: "When viewed in its entirety, the record reveals a disturbing pattern of Chapman transforming his own misdeeds into lawsuits against anyone (judges, creditors, local politicians) involved in exposing his transgressions or challenging him in anyway." *Chapman v. Charles Schwab & Co., Inc.*, Nos. 01-C-9697, 00-A-0358, 00-B-5538, 2002 WL 818300, at *6 (N.D. Ill. Apr. 30, 2002) (compiling Chapman's extensive history of frivolous litigation). Viewing the facts of this case in light of Chapman's litigation history, there is no reason to believe Chapman was acting in good faith when he filed the instant appeal.

¶ 31 Accordingly, we find that sanctions are appropriate under Rule 375(b). "Appropriate sanctions for violation of this section may include an order to pay to the other party or parties damages, the reasonable costs of the appeal or other action, and any other expenses necessarily incurred by the filing of the appeal or other action, including reasonable attorney fees." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 32 We direct the administrator to file a statement of reasonable expenses and attorney fees associated with this appeal within 21 days. Chapman shall then have 14 days to file a response. We will thereafter file an order determining the amount of sanctions that will be imposed. *Gilkey v. Scholl*, 229 Ill. App. 3d 989, 994 (1992). Chapman's motion to disqualify counsel is denied.

¶ 33                                    IV. CONCLUSION

¶ 34 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 35 Affirmed.